UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SAMANTHA J. JACKSON | CIVIL ACTION NO. 6:18-cv-00927 |
| VERSUS | JUDGE DOUGHTY |
| STANDARD MORTGAGE CORPORATION, ET AL. | MAGISTRATE JUDGE HANNA |

## **MEMORANDUM RULING**

Currently pending before the court is the plaintiff's motion to strike the defendants' answer. (Rec. Doc. 26). The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

## **Background**

The plaintiff filed an original complaint (Rec. Doc. 1) and a first amended complaint (Rec. Doc. 6), which restated her claims in full. She alleged that she entered into mortgage loan agreements with defendant Standard Mortgage Corporation in 2013 and again in 2016. She alleged that various miscalculations were made in the loan documents, that the defendants violated federal truth-in-lending statutes, violated the federal trade commission act, breached the loan contracts, violated her privacy by sharing her loan information, and caused consumer injury.

## Law and Analysis

Ms. Jackson is proceeding in this lawsuit without the assistance of legal counsel. A *pro se* litigant's pleadings are construed liberally[1] and held to "less stringent standards than formal pleadings drafted by lawyers."[2] However, a *pro se* "plaintiff must prove, by a preponderance of the evidence, that the court has jurisdiction based on the complaint and evidence."[3] Furthermore, a *pro se* plaintiff must also abide by the rules that govern federal courts[4] and properly plead sufficient facts that, when liberally construed, state a plausible claim to relief.[5] A court may *sua sponte* dismiss a plaintiff's claims on its own motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim so long as the plaintiff has notice of the court's intention to do so and an opportunity to respond.[6] However, a court

---

[1] *Nerren v. Livingston Police Dept.*, 86 F.3d 469, 472 (5th Cir. 1996).

[2] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

[3] *Dos Santos v. Belmere Ltd. Partnership*, 516 Fed. App'x 401, 402-03 (5th Cir. 2013) (citing *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), and *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)).

[4] *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (citing *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed. App'x 419, 421 (5th Cir. 2013)).

[5] See *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed. App'x at 421-22.

[6] See *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)).

should generally allow a *pro se* plaintiff an opportunity to amend his complaint before dismissing it for failure to state a claim.[7]

At this time, there are no motions to dismiss before the court. The only pending motion is the plaintiff's motion seeking to strike the defendants' answer to her complaint.

In support of her motion to strike, the plaintiff set forth what she contends are twelve causes of action, apparently in response to the affirmative defenses set forth in the defendants' answer. But no response to the defendants' answer was necessary and none of the information set forth in the first few pages of the plaintiff's submission is relevant to her motion to strike. She seeks to strike the defendants' answer, in whole, because it was not served on her "within a reasonable time." (Rec. Doc. 26 at 6). She cites no controlling statutory or jurisprudential authority permitting the striking of an answer on that basis.

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Deciding whether to strike all or a portion of a pleading lies within the court's discretion.[8] A

---

[7] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

[8] *In re Beef Industry Antitrust Litigation*, MDL Docket No. 248, 600 F.2d 1148, 1168–69 (5th Cir. 1979) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382 at 807

motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice."[9] Accordingly, Rule 12(f) motions to strike are viewed with disfavor, and are infrequently granted.[10] Furthermore, such motions generally are not granted unless the movant shows it has been prejudiced.[11]

In this case, the plaintiff seeks to strike the defendants' answer on the basis that it was not served on her within a reasonable time. She did not allege that the answer or any part of it was redundant, immaterial, impertinent, or scandalous matter. Therefore, there is no basis for striking the answer.

The defendants' answer was filed in the record on January 10, 2019. The defendants contend that they mailed a copy of the answer to the plaintiff that same day. However, the plaintiff claims that she contacted the defendants on January 24 because she had not received the answer. Apparently, she received a copy of the answer promptly thereafter. While there is no explanation for the plaintiff's delay

---

(1969)). See, also, *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

[9] *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

[10] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1380.

[11] See, e.g., *Coco v. United States*, 569 F.2d 367, 372 (5th Cir. 1978) ("While we do not condone the government's tardiness in responding to the court's order to show cause, we believe the district court acted within its discretion in denying the motion to strike. Coco has not shown the slightest prejudice resulting from the short delay.").

in receiving the answer if all of these facts are accurate, any such delay did not result in any prejudice to the plaintiff. No scheduling order has been issued yet, and there are no critical deadlines that were jeopardized by the delay. Accordingly, this is not the type of situation in which the ends of justice would be served by striking the defendants' answer. Because the plaintiff failed to provide legal authority for her motion to strike and because she was not prejudiced by the defendants' delay in providing her with a copy of their answer, the motion to strike is denied.

## **Conclusion**

For the foregoing reasons,

IT IS ORDERED that the plaintiff's motion to strike (Rec. Doc. 26) is DENIED.

IT IS FURTHER ORDERED that oral argument on the motion to strike, which was previously scheduled for March 21, 2019, is CANCELLED.

Signed at Lafayette, Louisiana, this 28th day of February 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE