UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SAMANTHA J. JACKSON | CIVIL ACTION NO. 6:18-cv-00927 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| STANDARD MORTGAGE CORP., FEDERAL NATIONAL MORTGAGE ASSOCIATION, FEDERAL HOME MORTGAGE CORP. | BY CONSENT OF THE PARTIES |

**MEMORANDUM RULING**

Currently pending are the plaintiff's motions to strike (Rec. Docs. 75, 77, 79) the defendants' memoranda in support of their motions to dismiss (Rec. Docs. 54, 55, 56). For the reasons set forth below, the motions to strike are denied.

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice."[1] Accordingly, Rule 12(f) motions to strike are viewed with disfavor, and are infrequently granted.[2] Furthermore, such motions generally

---

[1] *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla*., 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

[2] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1057 (5th Cir. 1982); C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1380.

are not granted unless the movant shows it has been prejudiced.[3] Disputed factual issues should not be resolved on a motion to strike,[4] and "even when technically appropriate and well-founded," motions to strike are not to be granted "in the absence of a showing of prejudice to the moving party."[5] Deciding whether to strike all or a portion of a pleading lies within the court's discretion.[6]

The plaintiff did not argue that the defendants' memoranda constituted an insufficient defense or that they contained material that was redundant, impertinent, immaterial, or scandalous. Therefore, she presented no valid support for her motions to strike.

Instead, the plaintiff argued that the memoranda were not timely filed. The plaintiff also admitted (a) that she was on a telephone status conference on October 21, 2019, when this Court reminded the defendants' counsel to file the supporting memoranda but did not assign a definite deadline for doing so, and (b) that she knew

---

[3] See, e.g., *Coco v. United States*, 569 F.2d 367, 372 (5th Cir. 1978) ("While we do not condone the government's tardiness in responding to the court's order to show cause, we believe the district court acted within its discretion in denying the motion to strike. Coco has not shown the slightest prejudice resulting from the short delay.").

[4] *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d at 868.

[5] *Abene v. Jaybar, LLC*, 802 F. Supp. 716, 723 (E.D. La. 2011) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004)).

[6] *In re Beef Industry Antitrust Litigation, MDL Docket No. 248*, 600 F.2d 1148, 1168–69 (5th Cir. 1979) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382 at 807 (1969)). See, also, *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

the defendants' counsel had recently been hospitalized. This Court finds that there were good reasons for the defendants' delay in filing the memoranda.

Additionally, on October 31, 2019, this Court granted the defendants' motion for extension of the deadlines for responding to the plaintiff's second amended complaint and for filing memoranda in support of the motions to dismiss. (Rec. Doc. 70).[7] In support of that motion, counsel for the defendants explained that she had been hospitalized and unable to work on this matter, and she also stated that she had attempted but been unsuccessful in reaching the plaintiff by telephone to seek an agreement extending the briefing period. This Court's order (Rec. Doc. 70) allowed the defendants until November 15 to file the memoranda. The memoranda were in fact filed on November 15.

Perhaps most important, the plaintiff did not demonstrate any way in which she was prejudiced by the defendants' late filing. Indeed, after the memoranda were filed, the plaintiff was expressly given the customary twenty-one days in which to file her responses to the motions. (Rec. Doc. 74). Moreover, the jury trial was continued in the October 21 telephone conference, giving the parties additional time in which to prepare their cases. Accordingly, there is no basis on which the plaintiff

---

[7] In support of her motions to strike, however, the plaintiff stated: "On October 31, 2019, the Court denied the Defendants [sic] request for an extension to file the Memorandum." (Rec. Doc. 75 at 2; Rec. Doc. 77 at 2; Rec. Doc. 79 at 2). This statement is inconsistent with the suit record, which clearly shows that the request for an extension was granted.

can argue that the defendants' delay in filing the necessary memoranda worked to her disadvantage.

For these reasons,

IT IS ORDERED that the plaintiff's motions to strike (Rec. Docs. 75, 77, 79) the memoranda supporting the defendants' motions to dismiss are DENIED.

Signed at Lafayette, Louisiana, this 11th day of December 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE