UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SAMANTHA J. JACKSON            CIVIL ACTION NO. 6:18-cv-00927

VERSUS                         MAGISTRATE JUDGE HANNA

STANDARD MORTGAGE CORP.,       BY CONSENT OF THE PARTIES
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, FEDERAL HOME
MORTGAGE CORP.

## MEMORANDUM RULING

Currently pending are three motions to dismiss (Rec. Docs. 54, 55, and 56),
which were filed by defendants Federal Home Loan Mortgage Corporation
("Freddie Mac"), Federal National Mortgage Association ("Fannie Mae"), and
Standard Mortgage Corporation, respectively. The motions are opposed (Rec. Doc.
76, 78, 80).[1] Considering the evidence, the law, and the arguments of the parties,
and for the reasons fully explained below, the motions are granted in part and denied
in part.

## Background

The plaintiff, Samantha J. Jackson, entered into loan agreements with
defendant Standard Mortgage Corporation in 2013 and again in 2016. On both

---

[1] The plaintiff alternatively sought to strike the defendants' motions. (Rec. Docs. 75, 77,
79.) The plaintiff's motions to strike will be addressed in a separate ruling.

occasions, she mortgaged her property located at 221 Tennessee Street, Lafayette, Louisiana.[2]  In this lawsuit, Ms. Jackson sued Standard Mortgage (the mortgagee on both of her mortgages), Freddie Mac (to whom the 2016 mortgage was allegedly sold), and Fannie Mae.  When Ms. Jackson obtained the later mortgage, her earlier loan was paid off in full.  Ms. Jackson alleged, in connection with the two loans, that the defendants violated the Truth-in-Lending Act ("TILA"), 15 U.S.C.§ 601 *et seq.*, the Federal Trade Commission Act, 15 U.S.C. § 45, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*  She also asserted a breach of contract claim and a claim based on the alleged sharing of sensitive personal information in violation of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.*

The plaintiff is not represented by legal counsel.  Her factual allegations are lengthy, and it is difficult to determine from the face of the second amended complaint precisely what it is that she alleges each of the defendants did that purportedly violated the referenced statutes.  At a minimum, she alleged that interest on the loans was calculated on the basis of a 360 day year rather than on the basis of a 365 day year; that she was told she had simple interest loans when her loans were

---

[2]     Although the defendants sometimes referred to these loans in their briefing as "the Fannie Mae loan" and "the Freddie Mac loan," respectively, (Rec. Doc. 73 at 8), the plaintiff did not allege in the second amended complaint that the 2013 loan was sold to Fannie Mae, and the defendants presented no evidence that the 2013 loan was sold to Fannie Mae or to any other entity.  The defendants also argued that Standard Mortgage was the servicer of both loans at all relevant times (Rec. Doc. 73 at 12), but there is no evidence in the record supporting that allegation.

actually amortized; that only $879.45 rather than $889.88 was refunded toward the new loan's escrow balance; that the final payoff for the earlier loan was $48,456.80 instead of $48,486.67; that the defendants "failed to ensure the accuracy of the figures in the mortgages;" that Freddie Mac did not require "the agent" to include her name and identification number on the mortgage; that Standard Mortgage did not notify her that the loans were being sold prior to the sales; that Standard Mortgage failed to pay off her earlier loan within twenty-four hours after closing on the new loan; that the plaintiff's mortgage payments were credited as of the due date instead of the date received; that Standard Mortgage charged the plaintiff a tax service fee and outsourced the tax escrow to a third-party although the mortgage stated there would be no charge for escrowing; that multiple truth-in-lending disclosures were given for the 2013 loan with different figures; that multiple HUD-1 statement were used at the closing for the 2013 loan resulting in higher charges to the plaintiff; that unearned interest from July 22, 2016 was not refunded during payoff; that Standard Mortgage provided the plaintiff's personal information to Mortgage Electronic Registration Systems, Inc.; that a tax certificate fee was charged by the closing agent; and that Standard Mortgage did not carefully review the documents to ensure that their calculations were correct.

This Court's careful reading of the plaintiff's second amended complaint revealed that the only allegations regarding defendant Freddie Mac are the

following: that Freddie Mac reported erroneous figures in the loan documents and failed to ensure that mortgage disclosure laws were adhered to (Rec. Doc. 44 at 11, ¶26); that Freddie Mac did not require "the Agent" to include her name on the mortgage or report errors in the documents (Rec. Doc. 44 at 12-13, ¶27); that Freddie Mac changed the interest calculation method from a 365 day year to a 360 day year (Rec. Doc. 44 at 12, ¶32); that Freddie Mac failed to disclose the alleged transfer of loan servicing (Rec. Doc. 44 at 19, ¶69); and that Freddie Mac failed to properly apply advance escrow account deposits (Rec. Doc. 44 at 19, ¶70).

This Court's careful reading of the plaintiff's second amended complaint revealed that the only allegations regarding defendant Fannie Mae are the following: that Fannie Mae reported erroneous figures in the loan documents and failed to ensure that mortgage disclosure laws were adhered to (Rec. Doc. 44 at 11, ¶26); that Fannie Mae changed the interest calculation method from a 365 day year to a 360 day year (Rec. Doc. 44 at 12, ¶32); that Fannie Mae failed to notify the plaintiff that a loan had been purchased (Rec. Doc. 44 at 16, ¶53); that Fannie Mae failed to disclose the alleged transfer of loan servicing (Rec. Doc. 44 at 19, ¶69); and that Fannie Mae failed to properly apply advance escrow account deposits (Rec. Doc. 44 at 19, ¶70). Notably, the plaintiff did not allege in the second amended complaint that either loan was sold to Fannie Mae.

The defendants responded to the plaintiff's complaint with the instant motions to dismiss, arguing that the court lacks subject-matter jurisdiction, that certain of the plaintiff's claims have prescribed, and that certain of the plaintiff's claims cannot be remedied in a private action such as this lawsuit.

## Law and Analysis

## A.     The Standard for Evaluating a Pro Se Litigant's Pleadings

A *pro se* litigant's pleadings are construed liberally[3] and held to "less stringent standards than formal pleadings drafted by lawyers."[4]  However, a *pro se* plaintiff "must prove, by a preponderance of the evidence, that the court has jurisdiction based on the complaint and evidence."[5]  Furthermore, a *pro se* plaintiff must also abide by the rules that govern federal courts[6] and properly plead sufficient facts that, when liberally construed, state a plausible claim to relief.[7]  A court may *sua sponte* dismiss a plaintiff's claims on its own motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim so long as the procedure is fair, which typically

---

[3]     *Nerren v. Livingston Police Dept.*, 86 F.3d 469, 472 (5th Cir. 1996).

[4]     *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

[5]     *Dos Santos v. Belmere Ltd. Partnership*, 516 Fed. App'x 401, 402-03 (5th Cir. 2013).

[6]     *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (citing *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed. App'x 419, 421 (5th Cir. 2013)).

[7]     *Champion v. United States*, 421 Fed. App'x 418, 423 (5th Cir. 2011).  See also *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed. App'x at 421-22.

means that the plaintiff has notice of the court's intention to do so and an opportunity to respond.[8] However, a court should generally allow a *pro se* plaintiff an opportunity to amend his or her complaint before dismissing it for failure to state a claim.[9]

Ms. Jackson is cautioned that she should, in future briefing, provide accurate citations for cases in addition to stating the names of the parties to the suit and should (unless no such cases exist) cite to cases from the Fifth Circuit Court of Appeals or courts within that circuit.

Ms. Jackson filed three identical briefs in opposition to the defendants' motions, which resulted in a waste of significant judicial time and effort. Ms. Jackson is cautioned that such needless duplication should be avoided in the future.

## B.    The Standard for Evaluating a Rule 12(b)(1) Motion to Dismiss

A motion to dismiss brought under Fed. R. Civ. P. 12(b)(1) challenges the exercise of the court's subject-matter jurisdiction. A federal court must consider a Rule 12(b)(1) motion to dismiss before taking up any other motion because a court must have subject-matter jurisdiction before determining the validity of a claim.[10]

---

[8]    See *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir.2007); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006).

[9]    *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

[10]    *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists.[11] When, as in this case, the Rule 12(b)(1) motion to dismiss is based on the complaint alone, it is a facial attack, and the court must decide whether the allegations in the complaint sufficiently state a basis for subject-matter jurisdiction.[12] A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction is analyzed under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[13]

## C.     The Standard for Evaluating a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[14] When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto,[15] accept all well-pleaded facts as true, and view the facts in a light most favorable to

---

[11]     *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[12]     *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

[13]     See *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

[14]     *Ramming v. United States*, 281 F.3d at 161.

[15]     *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

the plaintiff.[16]  However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[17] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[18]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[19]  The allegations must be sufficient "to raise a right to relief above the speculative level,"[20] and "the pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[21]  "While a complaint. . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[22]  If the plaintiff fails to

---

[16]     *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[17]     *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co*., 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[18]     *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[19]     *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570.

[20]     *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555.

[21]     *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[22]     *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  See, also, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[23]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] "[D]etermining whether a complaint states a plausible claim for relief. . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[25] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[26]

A Rule 12(b)(6) motion to dismiss for failure to state a claim is the proper procedural device to raise a statute of limitations defense and may be granted when

---

[23]     *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570.

[24]     *Ashcroft v. Iqbal*, 556 U.S. at 678.

[25]     *Ashcroft v. Iqbal*, 556 U.S. at 679.

[26]     *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 556).  See, also, *In Re Southern Scrap*, 541 F.3d 584, 587 (5th Cir. 2008).

it is evident from the pleadings that the action is time barred and the pleadings fail to raise some basis for tolling the applicable prescriptive period.[27]

## D.  <u>Subject-Matter Jurisdiction</u>

The defendants argued that the court lacks subject-matter jurisdiction because there is no actual controversy between the parties to the lawsuit concerning the plaintiff's 2013 loan and because any claim that the plaintiff might have regarding the 2016 loan is not yet ripe.  Federal courts only have the power to decide actual cases or controversies.[28]  "[A]bstract injury is not enough."[29]  "Rather, the allegations must establish that the plaintiff either has sustained an injury or is in immediate danger of sustaining an injury."[30]

The mere fact that the 2013 loan was paid in full does not mean that there cannot be a current controversy regarding that loan.  However, whether Ms.

---

[27]  *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288, 293 (5th Cir. 1977).  See, also, *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *Bowers v. Nicholson*, 271 Fed. App'x 446, 449 (5th Cir. 2008).

[28]  *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015) (citing United States Constitution, Article III, Section 2); *Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (citing United States Constitution, Article III, Section 2).

[29]  *Amigos Labor Solutions, Inc. v. Texas Supreme Court Unauthorized Practice of Law Committee*, No. 3:05-CV-1644-B, 2006 WL 8437527, at *3 (N.D. Tex. Feb. 9, 2006) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)).

[30]  *Amigos Labor Solutions, Inc. v. Texas Supreme Court Unauthorized Practice of Law Committee*, 2006 WL 8437527, at *3.

Jackson's claims concerning her 2013 loan are timely does not implicate the court's subject-matter jurisdiction but is an issue to be resolved under Rule 12(b)(6).

The defendants' ripeness argument is based on their assertion that there will be no concrete controversy over the amount of interest charged by the mortgagee on the 2016 loan until the plaintiff's loan matures and is paid in full. Ripeness distinguishes matters that are hypothetical or speculative – and therefore premature – from those that are appropriate for judicial review.[31] To determine whether a matter is ripe for judicial review, a court must evaluate "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."[32] "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"[33]

The defendants' ripeness argument is not persuasive. The plaintiff alleged – among other things – that she was given incorrect information at the time of closing the 2016 loan regarding the interest rate to be charged on the money that she borrowed. Because her loan was secured by a mortgage, and her payments were

---

[31] *LeClerc v. Webb*, 419 F.3d 405, 414 (5th Cir. 2005); *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000).

[32] *Anderson v. School Bd. of Madison Cnty.*, 517 F.3d 292, 296 (5th Cir. 2008) (quoting *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

[33] *Archbold-Garrett v. New Orleans City*, 893 F.3d 318, 321 (5th Cir. 2018) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

amortized over time, she is paying interest in each monthly mortgage payment. Accordingly, the amount of interest being charged is not speculative or hypothetical but a currently determinable amount giving rise to a current claim that she is being charged an incorrect amount of interest. Ms. Jackson's claim that she is being charged a different interest rate from the one disclosed at closing is a ripe issue, ready for resolution. Furthermore, the interest rate dispute is not the only issue raised by the plaintiff in her complaint.

Thus, the defendants did not establish that the court lacks subject-matter jurisdiction over the claims asserted by the plaintiff with regard to either loan. Accordingly, to the extent that the defendants seek dismissal of Ms. Jackson's claims under Fed. R. Civ. P. 12(b)(1), the pending motions are denied.

## E. The Plaintiff's Federal Trade Commission Act Claim and her Gramm-Leach-Bliley Act Claim

"[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."[34] Instead, the statute must either explicitly create a right of action or implicitly contain one.[35] In creating a private cause of action, Congress must act unambiguously and

---

[34] *Delancey v. City of Austin*, 570 F.3d 590, 592 (5th Cir. 2009) (quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quoting *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979)).

[35] *Touche Ross & Co. v. Redington*, 442 U.S. at 575.

with a clear voice.[36]  Absent congressional creation of a private cause of action, a private cause of action does not exist and cannot be created by a court.[37]

The defendants argued that Ms. Jackson lacks the right to assert her Federal Trade Commission Act claim.  They did not make the same argument regarding the plaintiff's Gramm-Leach-Bliley Act claim.  However, the plaintiff asserted claims under both of those statutes, neither of which affords private litigants a cause of action.  Accordingly, the same analysis applies to both claims.

## 1.    <u>The Federal Trade Commission Act</u>

In her complaint, Ms. Jackson alleged that Standard Mortgage changed the interest calculation method from a 365 day year to a 360 day year, provided erroneous figures in disclosures, failed to retain all documents for five years after the 2013 closing, failed to properly refund escrowed amounts, failed to provide an accurate payoff balance, failed to properly refund unearned interest, failed to apply payments properly, failed to correct errors in calculations, failed to acknowledge notices of errors, failed to include its agent's name on the 2016 mortgage, all in violation of the Federal Trade Commission Act, 15 U.S.C. § 45.  However, the Federal Trade Commission Act does not permit private causes of action.[38]  Although

---

[36]    *Delancey v. City of Austin*, 570 F.3d at 593.

[37]    *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001).

[38]    *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 176 (5th Cir. 2016) (citing *Fulton v. Hecht*, 580 F.2d 1243, 1248 n. 2 (5th Cir. 1978)); *Red Diamond Supply, Inc. v. Liquid Carbonic*

Ms. Jackson attempted to refute this argument by citation to jurisprudence, none of the cases she cited were from the Fifth Circuit or any courts within the Fifth Circuit. Therefore, the cases she cited are neither persuasive nor binding on this Court. Accordingly, in keeping with relevant Fifth Circuit jurisprudence, Ms. Jackson cannot pursue a claim against Standard Mortgage or any other defendant under this statute. Her Federal Trade Commission Act claim fails as a matter of law and therefore is dismissed with prejudice.

### 2. <u>Gramm-Leach-Bliley Act</u>

Ms. Jackson alleged in her complaint that Standard Mortgage's agent shared the plaintiff's personal information, which was stored in the company's database, with Mortgage Electronic Registration Systems, Inc. prior to the loan application being completed and signed by the plaintiff in 2016. She further alleged that this violated the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq*. Although the defendants did not raise this issue, this Court, acting *sua sponte*, must address whether Ms. Jackson can assert a claim under that statute.

Although it does not appear that the Fifth Circuit has addressed the issue, the Eighth Circuit and several district courts in the Fifth Circuit have held that this

---

*Corp.*, 637 F.2d 1001, 1008 n. 13 (5th Cir. 1981); see also *Norris v. Fairbanks Capital Corp.*, 178 Fed. App'x 401, 403 (5th Cir. 2006) (per curiam).

statute does not permit a litigant to bring a private right of action.[39] This Court finds these authorities to be persuasive and further finds that Ms. Jackson cannot assert a claim under that statute. This Court further finds that it would be a futile exercise to permit the plaintiff or the defendants to submit more briefing with regard to the plaintiff's authority to assert claims under this statute. Accordingly, Ms. Jackson's Gramm-Leach-Bliley Act claim fails as a matter of law and therefore is dismissed with prejudice. Ms. Jackson did not assert a claim under any other statute for the alleged sharing of her personal information. Therefore, any and all claims that she might have regarding the sharing of her personal information are dismissed in their entirety.

## F.    Are the TILA and RESPA Claims Time-Barred?

The plaintiff asserted claims under TILA and RESPA. TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers."[40] "The primary purpose of RESPA is to provide consumers with information on the nature and costs of the real estate

---

[39]    See, e.g., *Wilson v. Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc.*, No. 3:18-CV-0854-D, 2019 WL 175078, at *4 (N.D. Tex. Ja. 10, 2019); *Iraheta v. Equifax Information Services LLC*, No. 17-1363, 2018 WL 1881270, at *3 (W.D. La. Apr. 18, 2018); *Hall v. Phenix Investigations, Inc.*, No. 3:14-CV-0665-D, 2014 WL 5697856, at *9 (N.D. Tex. Nov. 5, 2014); *Lowe v. ViewPoint Bank*, 972 F.Supp.2d 947, 954 (N.D. Tex. 2013).

[40]    *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) (quoting 15 U.S.C. § 1601).

settlement process and to protect consumers from abusive, high settlement costs. . . RESPA also applies to the servicing of federally related mortgage loans."[41]

The defendants argued that certain of the plaintiff's claims are barred by the applicable statutes of limitations. "Statutes of limitations serve as absolute bars to suit."[42] Although the expiration of a statute of limitations (or prescription in Louisiana parlance) is an affirmative defense, a district court is authorized to dismiss a case upon the motion of a litigant or *sua sponte* when it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.[43] When it appears that the claims have prescribed on the face of the complaint, the plaintiff must establish facts that would have the effect of interrupting or avoiding prescription.[44]

### 1.    TILA

The plaintiff closed on her first home mortgage in April 2013, she closed on her second home mortgage in July 2016, and she filed her complaint on July 13,

---

[41]      *Naddour v. Nationstar Mortg., LLC*, No. 3:11-CV-1096-B, 2012 WL 4473127, at *5 (N.D. Tex. Sept. 27, 2012), affirmed 553 Fed. App'x 435 (5th Cir. 2014) (citing 12 U.S.C. § 2601(a) and 12 U.S.C. § 2605(a)).  See, also, *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003) (quoting 12 U.S.C. § 2601(a)).

[42]      *Nottingham v. Richardson*, 499 Fed. App'x 368, 375 (5th Cir. 2012).

[43]      *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006)

[44]      *Jones v. City of Monroe*, No. 3:19-CV-00832, 2019 WL 5488603, at *6 (W.D. La. Oct. 8, 2019), report and recommendation adopted, 2019 WL 5491922 (W.D. La. Oct. 23, 2018).

2018. In her complaint, she asserted claims under the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. Under the plain language of the statute, a claim for damages must be brought within one year of the alleged violation,[45] while a claim for rescission is subject to a three-year statute of limitations.[46] In the complaint, the plaintiff did not seek rescission of the mortgage that she entered into in 2016 and she cannot rescind the 2013 loan since it has already been paid off and is no longer in existence. Therefore, all of the plaintiff's TILA claims with regard to both mortgage loans fall within the scope of the one-year prescriptive period established in 15 U.S.C. § 1640(e).

A cause of action under TILA accrues on the date the financial transaction occurred.[47] In other words, a TILA claim accrues when the loan is consummated or at the closing on the loan transaction.[48] Accordingly, the plaintiff's cause of action

---

[45] 15 U.S.C. § 1640(e).

[46] 15 U.S.C. § 1635(f).

[47] 15 U.S.C. § 1640(e) ("any action under this section may be brought in any United States district court. . . within one year from the date of the occurrence of the violation." See also *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986); *Williams v. Capital One N.A.*, No. 3:12-1975, 2014 WL 198154, at *3 (W.D. La. Jan. 15, 2014).

[48] See, e.g., *Calhoun v. Stearns Lending, LLC*, No. 4:19-CV-00055-ALM-CAN, 2019 WL 1232862, at *3 (E.D. Tex. Feb. 1, 2019), report and recommendation adopted, 2019 WL 1226079 (E.D. Tex. Mar. 15, 2019); *Bessant v. Wells Fargo Bank, Nat'l Ass'n*, No. 4:13cv306, 2014 WL 2996276, at *7 (E.D. Tex. July 3, 2014); *Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, No. 3:10-CV-1118-D, 2011 WL 1540353, at *2 (N.D. Tex. Apr. 21, 2011); *Jackson v. Adcock*, No. CIV.A. 03-3369, 2004 WL 1900484, at *4 (E.D. La. Aug. 23, 2004).

with regard to the earlier mortgage loan accrued in April 2013, her cause of action with regard to the later mortgage loan accrued in July 2016, the plaintiff failed to file suit within one year of those dates, and any TILA claims she might have had with regard to either loan are therefore barred by TILA's statute of limitations. Accordingly, all of the plaintiff's TILA claims regarding both loans and against all defendants are dismissed with prejudice.

### 2. **RESPA**

In her complaint, the plaintiff asserted claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. RESPA claims asserted by private plaintiffs such as Ms. Jackson have either a one-year statute of limitations (for violations of Sections 2607 and 2608) or a three-year statute of limitations (for violations of Section 2605).[49] Section 2605 codifies a loan servicer's duties; § 2607 prohibits kickbacks related to a real estate settlement service; and § 2608 bars conditioning a real estate sale on the use of a particular title insurance company. Ms. Jackson did not set forth any factual allegations encompassed by Section 2607 or Section 2608 in her second amended complaint. Accordingly, all of her RESPA claims fall under Section 2605.

---

[49]     See *Snow v. First American Title Ins. Co*., 332 F.3d 356, 359 (5th Cir. 2003).

Claims for violation of the provisions of Section 2605, which addresses certain disclosures that must be made to the applicant at the time of loan application and certain obligations imposed on loan servicers, must be brought not later than three years after the date of the occurrence of the violation.[50] "The limitations period [for claims under RESPA] begins to run on the date of the occurrence of the violation, which the Fifth Circuit has interpreted to mean the date of closing."[51]

Ms. Jackson closed on her earlier loan in April 2013, but she did not file suit until July 2018. Accordingly, any RESPA claims that she might have had with regard to the earlier loan are time-barred. Her RESPA claims concerning the 2016 loan, however, are not time-barred since her lawsuit was filed less than three years after the closing of the 2016 loan.

### 3. Tolling of the Statute of Limitations

Reading Ms. Jackson's briefing as generously as possible, she argued that the statutes of limitations for her TILA and RESPA claims should be tolled because she did not discover the basis for her claims until 2017.

First, this Court has found that Ms. Jackson's RESPA claims regarding the 2016 loan are Section 2605 claims that were timely filed. Accordingly, those claims

---

[50]     12 U.S.C. § 2614.

[51]     *Snow v. First Am Title Ins. Co.*, 332 F.3d at 361.

remain extant and there is no basis for tolling the applicable statute of limitations for those claims.

Second, Ms. Jackson has not established that the limitations period for her TILA claims or her RESPA claims concerning the 2013 loan should be extended. Ms. Jackson argued that the discovery rule embodied in the doctrine of *contra non valentem* should apply to extend the otherwise applicable statute of limitations. *Contra non valentem* is a judicially created exception to Louisiana's statutory rules of prescription.[52] Ms. Jackson did not identify any reported decisions in which that doctrine was used to extend the statutes of limitations for TILA or RESPA and none were located by this Court. Accordingly, this Court finds that *contra non valentem* cannot be used to extend the limitations period for Ms. Jackson's TILA or RESPA claims.

Next, Ms. Jackson argued that the statutes of limitation applicable to her TILA and RESPA claims should be equitably tolled. Actually, she argued that equitable tolling of a RESPA claim is appropriate "when there is fraudulent concealment." (Rec. Doc. 75-1 at 19, 77-1 at 19, 79-1 at 19). Reading that argument as broadly as possible to make it relevant to her TILA claims as well, the argument still lacks merit because her second amended complaint contains no allegations of fraudulent

---

[52]    *Renfroe v. State ex rel. Dept. of Transp. and Development*, 2001-1646 (La. 02/26/02), 809 So.2d 947, 953.

concealment or fraud of any kind. Therefore, there is no factual basis for the applicability of equitable tolling to her TILA or RESPA claims. Furthermore, "equitable tolling preserves a plaintiff's claim when strict application of the statute of limitations would be inequitable."[53] It is a narrow exception that should be applied sparingly.[54] A successful equitable tolling argument requires a plaintiff to prove both that she has been pursuing her rights diligently and also that some extraordinary circumstance stood in her way and prevented the timely filing of her claims.[55] While this standard requires reasonable diligence rather than maximum feasible diligence,[56] a plaintiff's delay in filing her complaint must be due to some "external obstacle to timely filing. . . beyond [the plaintiff's] control," not from self-inflicted delay.[57] In this case, however, the plaintiff has not identified any obstacle that prevented her from asserting her TILA claims or her RESPA claims regarding the 2013 loan in a timely fashion. Based on the allegations set forth in the plaintiff's complaint, there is no basis for equitably tolling her TILA claims or the RESPA

---

[53] *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F. 3d 296, 298 (5th Cir. 1995)).

[54] *Phillips v. Leggett & Platt, Inc*., 658 F.3d 452, 457 (5th Cir. 2011); *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002).

[55] *Sandoz v. Cingular Wireless, L.L.C*., 700 Fed. App'x 317, 320 (5th Cir. 2017) (citing *Menominee Indian Tribe of Wisconsin v. United States*, 136 S.Ct. 750, 755 (2016)).

[56] *Starns v. Andrews*, 524 F.3d 612, 618 (5th Cir. 2008).

[57] *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. at 755-56.

claims regarding the 2013 loan. Because Ms. Jackson failed to assert her TILA claims and her RESPA claims regarding the 2013 loan in a timely fashion and there is no basis for equitably tolling the applicable statutes of limitations, those claims are dismissed with prejudice.

## G.    The Voluntary Payment Doctrine

The defendants argued that Ms. Jackson's claims regarding the 2013 loan are barred by the voluntary payment doctrine. This Court has held, as noted above, that any TILA or RESPA claims regarding that loan have prescribed, and that any Federal Trade Commission Act and Gramm-Leach-Bliley Act claims regarding that loan cannot be asserted by a private individual. The only other claim asserted by Ms. Jackson in her second amended complaint is a vague breach of contract claim.

Under Louisiana law, a plaintiff must prove three essential elements in order to prevail on a claim for breach of contract: (1) that the obligor undertook an obligation to perform; (2) that the obligor failed to perform the obligation; and (3) that the failure to perform this obligation resulted in damages to the plaintiff.[58] In her second amended complaint, Ms. Jackson identified federal statutory obligations that she claims the defendants failed to perform, but she did not allege the existence of a contract between herself and any defendant that contained obligations that were

---

[58]    *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018).

not fulfilled by a defendant. In the section of the second amended complaint concerning breach of contract, Ms. Jackson referenced the factual allegations set forth in Paragraphs 56 and 58 of her second amended complaint. Both of those paragraphs allege statutory violations by Standard Mortgage but no violations of any contract that might have existed between Ms. Jackson and Standard Mortgage. In particular, Ms. Jackson's second amended complaint did not identify any provision of the 2013 note or mortgage that she claims was breached by any defendant. While Ms. Jackson argued in her opposition briefing that her claim that her payments were not applied on the first day of the month, as required by the 2013 note, she also argued that she discovered this issue in 2017 when she made two payments a few days apart. (Rec. Doc. 75-1 at 16-17). But she was not making any payments on the 2013 loan in 2017 since that loan was paid in full in July 2016 when she took out the second loan. Similarly, she did not identify any provision of the 2016 note or mortgage that she claims was breached by any defendant. Accordingly, Ms. Jackson failed to state a valid claim for breach of contract in connection with either loan.

This Court having found that Ms. Jackson failed to state a claim regarding the 2013 loan which can be remedied by this Court, it is unnecessary to analyze whether her claims regarding that loan are barred by the voluntary payment doctrine. Further discussion of that topic is, therefore, pretermitted.

As noted above, a court may *sua sponte* dismiss a plaintiff's claims on its own motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim so long as the plaintiff has notice of the court's intention to do so and an opportunity to respond. However, leave to allow a *pro se* plaintiff to amend her complaint is not required when the plaintiff has already pleaded her best case.[59] Similarly, allowing a *pro se* plaintiff to amend her complaint is not required when granting leave would be futile and result in needless delay.[60]

In this case, Ms. Jackson has already amended her complaint twice. It is apparent to this Court that she is unable to plead a viable breach of contract claim, TILA claim, or RESPA claim regarding the 2013 loan. Similarly, it is apparent that she is unable to plead a viable Federal Trade Commission Act claim or a viable Gramm-Leach-Bliley Act claim with regard to either loan. Allowing her to amend her complaint yet again with regard to those claims would only unnecessarily prolong the resolution of this lawsuit.

Accordingly, this Court will permit Ms. Jackson to amend her complaint only in order to state – if she can – a viable breach of contract claim with regard to the 2016 loan. Ms. Jackson is cautioned that she is not permitted to repeat the allegations

---

[59] *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009); *Bazrowx v. Scott*, 136 F.3d at 1054.

[60] *Ransom v. National City Mortg. Co.*, No. 3:13-CV-4642-L, 2014 WL 717198, at *6 (N.D. Tex. Feb. 25, 2014).

already set forth in her second amended complaint.  Instead, her third amended complaint – should she decide to file one – shall supplement but not replace the second amended complaint and, therefore, shall contain only the smallest number of allegations and the fewest number of pages absolutely necessary to state such a claim.

## Conclusion

For the reasons set forth above,

IT IS ORDERED that the defendants' motions to dismiss (Rec. Docs. 54, 55, and 56) are GRANTED IN PART and DENIED IN PART.  More particularly,

(1)     To the extent that the defendants seek dismissal of Ms. Jackson's claims under Fed. R. Civ. P. 12(b)(1), the motions are denied;

(2)     The plaintiff's Federal Trade Commission Act claims are dismissed with prejudice;

(3)     The plaintiff's Gramm-Leach-Bliley Act claims are dismissed with prejudice;

(4)     The plaintiff's TILA and RESPA claims regarding the 2013 loan are dismissed with prejudice;

(5)     The plaintiff's TILA claims regarding the 2016 loan are dismissed with prejudice;

(6)     The plaintiff's breach of contract claim regarding the 2013 loan is dismissed with prejudice; and

(7)     The plaintiff is granted leave of court to file, not later than December 30, 2019, a supplemental complaint stating a breach of contract claim regarding the 2016 loan.

Signed at Lafayette, Louisiana, this 11th day of December 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE