UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SAMANTHA J. JACKSON | CIVIL ACTION NO. 6:18-cv-00927 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| STANDARD MORTGAGE CORP., FEDERAL NATIONAL MORTGAGE ASSOCIATION, FEDERAL HOME MORTGAGE CORP. | BY CONSENT OF THE PARTIES |

**<u>MEMORANDUM RULING</u>**

The plaintiff, Samantha J. Jackson, proceeding without the assistance of legal counsel, filed into the record a document titled "Plaintiffs' [sic] Objections to Magistrate Judge's Report and Recommendation." (Rec. Doc. 84). But this Court did not issue a report and recommendation in this case. Therefore, there is no report and recommendation to which the plaintiff might object.

In this case, the parties consented to have the undersigned magistrate judge preside over this matter, and the district judge originally assigned to the case referred the matter to the undersigned magistrate judge in accordance with the provisions of 28 U.S.C. § 636. (Rec. Doc. 36). Therefore, there is no district judge to whom this Court can make recommendations.[1] Instead, the undersigned magistrate judge is

---

[1] Ms. Jackson is instructed to delete Judge Doughty's name from the caption used on documents filed with the court and to use the caption shown above on all future filings.

empowered to make any rulings that the district judge would have made if the parties had not consented.

On December 11, 2019, this Court issued a memorandum ruling (Rec. Doc. 81) with regard to the plaintiff's motions to strike (Rec. Docs. 75, 77, 79). That same date, this Court issued a memorandum ruling (Rec. Doc. 82) and a judgment (Rec. Doc. 83) concerning motions to dismiss (Rec. Docs. 54, 55, and 56) that had been filed by the defendants. Although a pro se litigant's pleadings are construed liberally and held to a less stringent standard than that applied to pleadings filed by lawyers,[2] it was self-evident from the title of the memorandum rulings that no report and recommendation was issued; rather, two memorandum rulings and a judgment were issued. There was no report and recommendation that the plaintiff could have objected to, and there is no district judge to whom the plaintiff can direct any objections.

Perhaps the plaintiff sought, by filing her "objections," to have this Court reconsider its rulings. But the Federal Rules of Civil Procedure do not recognize a motion for reconsideration.[3] The United States Court of Appeals for the Fifth Circuit has explained that a motion styled as a motion for reconsideration may be treated as

---

[2] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

[3] *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir.1997). See, also, *Cormier v. Turnkey Cleaning Servs., L.L.C.*, 295 F.Supp.3d 717, 719 (W.D. La. 2017) (citing *Shield Pack, LLC v. CDF Corp.*, No. 10-0048, 2010 WL 4719431, *1 (W.D. La. Nov. 15, 2010)).

either a motion to alter or amend under Rule 59(e) or as a motion for relief from judgment under Rule 60(b).[4] However, Rules 59 and 60 apply only to final judgments.[5] When a party seeks reconsideration of an order that adjudicates fewer than all the claims among all of the parties, then Rule 54(b) controls.[6]

This Court's memorandum rulings did not adjudicate all of the claims asserted by the plaintiff in this lawsuit. Therefore, any motion for reconsideration of those rulings must be brought under Rule 54(b). Rule 54(b) states that an order adjudicating fewer than all the claims among all the parties may be revised at any time before the entry of a final judgment.[7] "Under Rule 54(b), the district court possesses the inherent power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[8] However, "[r]econsideration of a judgment

---

[4] *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

[5] See *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990). See, also, *Cormier v. Turnkey Cleaning Servs., L.L.C.*, 295 F.Supp.3d at 719.

[6] *Cormier v. Turnkey Cleaning Servs., L.L.C.*, 295 F.Supp.3d at 719-20.

[7] Fed. R. Civ. P. 54(b).

[8] *Iturralde v. Shaw Grp., Inc.*, 512 F. App'x 430, 432 (5th Cir. 2013) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)); see generally *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 n. 14 (1983) (holding that "virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown.").

after its entry is an extraordinary remedy that should be used sparingly."[9] Whether to grant a Rule 54(b) motion rests with the discretion of the court.[10]

Although courts evaluate motions to reconsider interlocutory orders under a less exacting standard than that used in evaluating Rule 59(e) motions, courts nevertheless look to similar considerations for guidance.[11] Therefore, in determining whether to grant such a motion, a court must evaluate whether there are manifest errors of law or fact upon which the judgment was based, whether new evidence is available, whether there is a need to prevent manifest injustice, or whether there has been an intervening change in controlling law.[12] Rule 54(b) motions are not the proper vehicle for rehashing evidence, legal theories, or arguments.[13]

---

[9] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[10] *Holoway v. Triola*, 172 F.3d 866, 866 (5th Cir. 1999) ("It is a well established rule of trial procedure that a district court may reconsider and reverse a previous interlocutory order at its discretion."). See, also, *McDonald v. Brookshire Grocery Co.*, No. 3:17-CV-00981, 2019 WL 4492786, at *3 (W.D. La. Sept. 18, 2019) (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980)); *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F.Supp.2d 550, 553 (N.D. Tex. 2009) (citing *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp.2d 471, 475 (M.D. La. 2002)); *Cullum v. Siemens*, No. SA-12-CV-49-DAE, 2013 WL 5781203, at *3 (W.D. Tex. Oct. 25, 2013).

[11] *B.A. Kelly Land Co., LLC v. Aethon Energy Operating LLC*, No. 5:18-CV-01243, 2019 WL 6542407, at *3 (W.D. La. Dec. 4, 2019); *HBM Interests, LLC v. Chesapeake Louisiana, LP*, No. 12-1048, 2013 WL 3893989, at *1 (W.D. La. July 26, 2013) (quoting *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)).

[12] *B.A. Kelly Land Co., LLC v. Aethon Energy Operating LLC*, 2019 WL 6542407, at *3. See, also, *Templet v. HydroChem Inc.*, 367 F.3d at 479; *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[13] *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Reconsideration is generally not available to raise arguments that could, and should have been made earlier.[14]

The brief submitted by the plaintiff and styled as "objections" did not identify any errors of law or fact underlying this Court's ruling, did not identify any new evidence, did not identify a necessity for the prevention of manifest injustice, or identify a change in controlling law. No extraordinary circumstances were brought to light. To the contrary, the plaintiff's brief merely repeated arguments that were made in opposition to the defendants' motions to dismiss and in support of the plaintiff's motions to strike. Accordingly, the plaintiff has pointed out no compelling reasons why this Court's rulings were incorrect or should be changed in any way. For these reasons,

IT IS ORDERED that this Court construes the plaintiff's "objections to magistrate judge's report and recommendation" (Rec. Doc. 84) as a motion for reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the plaintiff's motion (Rec. Doc. 84) is DENIED.

---

[14] *In re: Padco Pressure Control, LLC*, No. 16-mc-0056, 2017 WL 161647, at *2 (W.D. La. Jan. 13, 2017); *Hill v. New Orleans City*, No. 13-2463, 2016 WL 4180809, at *9 (E.D. La. Aug. 8, 2016); *United States ex rel Woodard v. DaVita, Inc.*, No. 1:05-CV-227, 2012 WL 12981765, at *2 (E.D. Tex. May 23, 2012).

IT IS FURTHER ORDERED that the oral argument on the plaintiff's motion, which was previously scheduled for February 13, 2020, is CANCELED.

Signed at Lafayette, Louisiana, this 10th day of January 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE