UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SAMANTHA J. JACKSON | CIVIL ACTION NO. 6:18-cv-00927 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| STANDARD MORTGAGE CORP., FEDERAL NATIONAL MORTGAGE ASSOCIATION, FEDERAL HOME MORTGAGE CORP. | BY CONSENT OF THE PARTIES |

**MEMORANDUM RULING**

Currently pending are three Fed. R. Civ. P. 12(b)(6) motions to dismiss (Rec. Docs. 90, 91, and 92), which were filed by defendants Federal Home Loan Mortgage Corporation ("Freddie Mac"), Federal National Mortgage Association ("Fannie Mae"), and Standard Mortgage Corporation, respectively. The plaintiff filed two memoranda in opposition to the motion filed by Fannie Mae. (Rec. Docs. 102 and 103). She did not oppose the motions filed by Freddie Mac or Standard Mortgage. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motions are granted.

**Background**

The plaintiff, Samantha J. Jackson, entered into loan agreements with defendant Standard Mortgage Corporation in 2013 and 2016, both times mortgaging

her property located at 221 Tennessee Street, Lafayette, Louisiana.[1] In this lawsuit, Ms. Jackson sued Standard Mortgage (the mortgagee on both of her mortgages), Freddie Mac (to whom the 2016 mortgage was allegedly sold), and Fannie Mae. When Ms. Jackson obtained the later mortgage, her earlier loan was paid off in full. In her second amended complaint, Ms. Jackson alleged, in connection with both loans, that the defendants violated the Truth-in-Lending Act ("TILA"), 15 U.S.C.§ 601 *et seq.*, the Federal Trade Commission Act, 15 U.S.C. § 45, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. She also asserted a breach of contract claim and a claim based on the alleged sharing of sensitive personal information in violation of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq*.

The defendants responded to the plaintiff's second amended complaint by filing three motions to dismiss. (Rec. Docs. 54, 55, 56). This Court granted the motions in part and denied them in part. (Rec. Doc. 82). The motions were denied with regard to the plaintiff's RESPA and breach of contract claims regarding the

---

[1] Although the defendants sometimes referred to these loans in their briefing as "the Fannie Mae loan" and "the Freddie Mac loan," respectively, (Rec. Doc. 73 at 8), the plaintiff did not allege in the second amended complaint (Rec. Doc. 44) or in the first supplemental complaint (Rec. Doc. 89) that the 2013 loan was sold to Fannie Mae, and the defendants presented no evidence that the 2013 loan was sold to Fannie Mae or to any other entity. The defendants also argued that Standard Mortgage was the servicer of both loans at all relevant times (Rec. Doc. 73 at 12), but there is no evidence in the record supporting that allegation.

2016 loan. The motions were granted with regard to all of the plaintiff's other claims, which were dismissed with prejudice. The plaintiff was also granted leave of court to file a supplemental complaint addressing her breach of contract claim regarding the 2016 loan.

After the plaintiff filed her first supplemental complaint (Rec. Doc. 89), the defendants responded with another set of motions to dismiss, seeking to have the plaintiff's breach of contract claim regarding the 2016 loan dismissed and arguing that the plaintiff failed to state a breach of contract claim upon which relief can be granted. (Rec. Docs. 90, 91, 92).

## Law and Analysis

### A. The Standard for Evaluating a Pro Se Litigant's Pleadings

A *pro se* litigant's pleadings are construed liberally[2] and held to "less stringent standards than formal pleadings drafted by lawyers."[3] However, a *pro se* plaintiff must abide by the rules that govern federal courts[4] and properly plead sufficient facts that, when liberally construed, state a plausible claim to relief.[5]

---

[2] *Nerren v. Livingston Police Dept.*, 86 F.3d 469, 472 (5th Cir. 1996).

[3] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

[4] *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (citing *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed. App'x 419, 421 (5th Cir. 2013)).

[5] *Champion v. United States*, 421 Fed. App'x 418, 423 (5th Cir. 2011). See also *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed. App'x at 421-22.

Ms. Jackson has previously been cautioned that she should provide accurate case citations and should (unless no such cases exist) cite to cases from the Fifth Circuit Court of Appeals or courts within that circuit. That caution is reiterated.

B.     **The Standard for Evaluating a Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[6] When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto,[7] accept all well-pleaded facts as true, and view the facts in a light most favorable to the plaintiff.[8] Conclusory allegations and unwarranted deductions of fact are not accepted as true,[9] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[10]

---

[6]     *Ramming v. United States*, 281 F.3d at 161.

[7]     *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[8]     *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[9]     *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[10]    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[11] The allegations must be sufficient "to raise a right to relief above the speculative level,"[12] and "the pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[13] "While a complaint. . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[14] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[15]

C. **The Plaintiff has not Alleged Facts Sufficient to Support a Breach of Contract Claim**

Under Louisiana law, a contract is defined as "an agreement between two or more parties whereby obligations are created, modified or extinguished."[16] A

---

[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570.

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555.

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). See, also, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570.

[16] *Read v. Willwoods Community*, 2014-1475 (La. 03/17/15), 165 So.3d 883, 892 (citing Louisiana Civil Code Article 1906).

5

contract is formed by the consent of the parties established through offer and acceptance.[17] The existence or non-existence of a contract is a question of fact.[18] To prevail on a breach of contract claim, a plaintiff must prove three essential elements: (1) that the obligor undertook an obligation to perform; (2) that the obligor failed to perform the obligation; and (3) that the failure to perform this obligation resulted in damages to the plaintiff.[19] In other words, the plaintiff must first establish that there was a contract, that a contract provision was breached, and that the breach caused damages.[20]

The plaintiff is not represented by legal counsel, and it is difficult to determine from the face of the first supplemental complaint precisely what it is that she alleges each of the defendants did that purportedly constituted a breach of contract. However, the plaintiff expressly alleged that she entered into seven contracts with the defendants that were breached.[21] The seven alleged contracts are: a loan

---

[17] *Read v. Willwoods Community*, 165 So.3d at 887 (citing Louisiana Civil Code Article 1927).

[18] *Read v. Willwoods Community*, 165 So.3d at 888.

[19] *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018).

[20] See, e.g., *Mouton v. Generac Power Systems, Inc*., 2014-350 (La. App. 3 Cir. 11/05/14), 152 So.3d 985, 997 ("In order to succeed on a breach of contract claim, the plaintiff must prove the existence of a contract, a breach of that contract, and damages."). See also *Mann v. Alston Contractors, Inc*., No. 18-9284, 2019 WL 969820, at *5 (E.D. La. Feb. 28, 2019) ("The existence of the contract must be established before a breach can occur. . . .").

[21] Rec. Doc. 89 at 6.

6

application,[22] a TILA-RESPA Integrated Disclosure Disclaimer,[23] a Borrower's Certificate and Authorization,[24] an Initial Escrow Account Disclosure,[25] a mortgage,[26] a note,[27] and an Errors and Omissions/Compliance Agreement.[28]

There was no document titled "Borrower's Certificate and Authorization" attached to any of the complaints that the plaintiff filed in this lawsuit. Therefore, the plaintiff failed to establish that any such document actually was a contract binding any of the defendants. Therefore, her breach of contract claim fails with regard to any such document.

The TILA-RESPA Integrated Disclosure Disclaimer is not an agreement in which obligations were created, modified or extinguished; therefore, it is not a contract. Similarly, the Initial Escrow Account Disclosure Statement provides information but does not impose any obligations on any person or entity.

---

[22] Rec. Doc. 1-2 at 42-46.

[23] Rec. Doc. 89-1 at 4.

[24] No such document was attached to any of the plaintiff's complaints.

[25] Rec. Doc. 89-1 at 5.

[26] Rec. Doc. 1-2 at 35-38. Only pages 1, 4, 5, and 16 of the 17 page mortgage were attached to the original complaint, and the document is not signed.

[27] Rec. Doc. 1-2 at 32-34.

[28] Rec. Doc. 89-1 at 6.

7

Accordingly, it is not a contract. Therefore, the plaintiff's breach of contract claim fails with regard to these documents.

While the loan application, mortgage, and note indicate that they are Fannie Mae and Freddie Mac forms, there is no indication on any of these documents or anywhere else in the plaintiff's supplemental complaint that Fannie Mae or Freddie Mac is a party to the agreements set forth in these contracts. In fact, the plaintiff expressly alleged that these documents "serve as an agreement (contract) made between Standard Mortgage and the Plaintiff."[29] The documents are clear that the borrower is Ms. Jackson and the lender is Standard Mortgage. Ms. Jackson alleged that her mortgage loan was sold to Freddie Mac in July 2016,[30] but she did not allege that she was a party to the sale or that she entered into any contract with Freddie Mac, whether through the sale of her mortgage or otherwise. The only specific allegation in the supplemental complaint concerning Freddie Mac is the allegation that "Freddie Mac failed to ensure that the figures were correct in the loan documents."[31] But the plaintiff never identified any contract between she and Freddie Mac that obligated Freddie Mac to do so. Accordingly, this Court finds that

---

[29] Rec. Doc. 89 at 9.

[30] Rec. Doc. 89 at 6-7.

[31] Rec. Doc. 89 at 9.

the plaintiff's allegations are insufficient to state a breach of contract claim against Freddie Mac regarding the 2016 loan.

In support of its motion to dismiss, Fannie Mae argued that the first supplemental complaint contains no allegations against Fannie Mae. This Court agrees. Although there are some vague allegations in the first supplemental complaint that Standard Mortgage used software owned by Fannie Mae in connection with the 2016 mortgage loan and even vaguer allegations that Fannie Mae acted along with the other defendants in breaching contracts with the plaintiff, there are no allegations that the plaintiff ever entered into a contract with Fannie Mae and no such contract was identified. Without a contract between Fannie Mae and the plaintiff, there is no basis for a breach of contract claim against Fannie Mae. Accordingly, this Court finds that the plaintiff's allegations are insufficient to state breach of contract claim against Fannie Mae regarding the 2016 loan.

The remaining breach of contract claim was directed at defendant Standard Mortgage. The plaintiff alleged that she was quoted an interest rate of 2.875%, requested a fifteen year mortgage, and "assumed" that she would have a simple interest loan.[32] The note specifies that interest would be charged at the yearly rate of 2.875%, that monthly payments would be made beginning on September 1, 2016

---

[32] Rec. Doc. 89 at 6.

and ending on August 1, 2031, and that each payment would be in the amount of $591.48. Regardless of how that might differ from the information provided before the loan documents were executed or from the plaintiff's assumptions, the note is an enforceable contract between the plaintiff and Standard Mortgage, which became the law between the parties.[33] Furthermore, it is well settled in Louisiana law that a party who signs a written instrument is presumed to know its contents.[34] The plaintiff did not allege that she did not sign the note nor is there any allegation that she was ever charged any amount other than that stated in the note. Therefore, there is no basis for her claim that the terms of the contract embodied in the note and mortgage were breached because the interest rate was 2.875% and she was required to make equal monthly payments for fifteen years.

The plaintiff contends that her contracts with Standard Mortgage were breached because monthly interest payments were initially calculated using 365 days but subsequently changed to a calculation based on a 360-day year. However, the plaintiff did not identify a contract requiring the use of a 365-day calculation. Further, the note she signed specifies the amount of each monthly payment, and the plaintiff did not argue that she was ever charged any amount other than that specified

---

[33] Louisiana Civil Code Article 1983 ("Contracts have the effect of law for the parties. . . ."). See also *Carriere v. Bank of Louisiana*, 95-3058 (La. 12/13/96), 702 So.2d 648, 666.

[34] *Aguillard v. Auction Management Corp.*, 04–2804 (La.6/29/05), 908 So.2d 1, 23 (citing *Tweedel v. Brasseaux*, 433 So.2d 133, 137 (La.1983)).

10

in the note. Consequently, she has not alleged that a contract was breached in the calculation of her monthly mortgage payments.

The plaintiff argued that Standard Mortgage breached its contracts with her by failing to ensure the accuracy of the figures in the loan documents. But no contract provision imposing this duty on Standard Mortgage was identified, and there are no allegations identifying which figures are allegedly incorrect. Certainly, there is no allegation that the amount borrowed, the interest rate charged, or the amount of the monthly payment that the plaintiff was required to make were incorrect. While the plaintiff disputes by a few dollars the amount of the escrow balance carried over from the 2013 loan to the 2016 loan, no provision of the note or mortgage addressing this carryover was identified by the plaintiff or alleged to have been breached by Standard Mortgage.

The plaintiff contends that an inaccurate escrow balance figure was shown on the Initial Escrow Account Disclosure Statement. But she did not identify a contract requiring any specific escrow amount or explaining how the escrow balance was to be calculated. Therefore, she did not establish that any contract was breached because of the escrow balance figures shown on the disclosure statement.

The plaintiff contends that the terms of the mortgage were breached because she was charged a fee at closing for a tax certificate. While the mortgage specifies that the lender shall not charge the borrower for holding and applying funds that are

11

escrowed after the mortgage is in place, the tax certificate charge that the plaintiff complained about was a necessary closing cost to determine how much was owed in real estate taxes and, consequently, how much should be escrowed for the payment of real estate taxes at the end of the year. Accordingly, it was not the type of charge precluded by the cited mortgage provision. The plaintiff's allegations concerning the tax certificate charge are insufficient to support a breach of contract claim against Standard Mortgage.

The plaintiff argued that Standard Mortgage breached its contract with her by allowing mortgage payments to be made through their website rather than at the address specified in the note. But allowing additional options to perform under the contract cannot serve as the basis for a breach of contract. Furthermore, the plaintiff did not allege how she was injured because additional payment methods were made available to her.

The plaintiff alleged that Standard Mortgage breached its contracts with the plaintiff by failing to credit her payments on the day they were made. Under Louisiana law, the interpretation of a contract is the determination of the common intent of the parties.[35] When the words of the contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made.[36] In this case,

---

[35] Louisiana Civil Code Article 2045.

[36] Louisiana Civil Code Article 2046.

12

the note is clear and explicit regarding when payments must be made, stating that the mortgagor "will make my monthly payment on the 1st day of each month" and further stating that "[e]ach monthly payment will be applied as of its scheduled due date." The plaintiff did not identify any provision of the note or the mortgage indicating that there would be a decrease in the amount of interest owed if payment was made early nor was any such provision located by this Court. To the contrary, the note states that each monthly payment (including principal and interest) was to be in the same amount regardless of when it was received by Standard Mortgage. The plaintiff alleged that "there is an inference that if the payments are made on any other day other than the 1st day of the month the payments will be applied as of the date the payment is made."[37] This Court finds no such inference in the note. The words used in the note are clear and explicit. The note additionally stated that a late fee would be assessed if payment was fifteen or more days late. Had the intention of the parties been that a decreased amount of interest was to be charged for early payments, that could and would have been stated in the note. The lack of any such provision reinforces the clarity of the provisions quoted above. Therefore, the plaintiff failed to allege sufficient facts establishing that Standard mortgage breached the contract by applying payments as of the first of each month; instead, the

---

[37] Rec. Doc. 89 at 12.

allegations set forth in the supplemental complaint suggest that Standard Mortgage applied early payments in conformity with the terms of the note.

In the amended complaint are some allegations of statutory violations. But the plaintiff was instructed to include in her supplemental complaint only allegations having to do with her breach of contract claim concerning the 2016 mortgage loan. For that reason, her statutory violation allegations will not be considered. The plaintiff also included allegations based on conversations that she allegedly had with Standard Mortgage employees. But the plaintiff did not explain how information conveyed in any such conversations constituted a breach of a contract between the plaintiff and any defendant.

A court will ordinarily give plaintiffs "at least one opportunity to cure pleading deficiencies."[38] Claims will be dismissed with prejudice, however, "if the defects are incurable or the plaintiffs have already alleged their best case."[39] When a Rule 12(b)(6) dismissal is proper and the plaintiff is "aware of the defendants' objections to their complaint as written," the court can dismiss the plaintiff's claim with prejudice if plaintiff failed to proffer a forthcoming cure to the defect.[40]

---

[38] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

[39] *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

[40] See *Goldstein v. MCI WorldCom*, 340 F.3d 238, 255 (5th Cir. 2003).

In this case, the plaintiff has now filed four complaints. Most recently, she was granted leave to file a supplemental complaint specifically in order to address her breach of contract claim with regard to the 2016 mortgage loan. Still, she failed to allege facts sufficiently supporting such a claim. This Court finds that the plaintiff has already alleged her best breach of contract claim, and there is nothing in the record suggesting that any further amendment of the complaint would allow the plaintiff to allege facts sufficient to support such a cause of action. Accordingly, her breach of contract claim regarding the 2016 loan will be dismissed with prejudice.

## Conclusion

For the reasons set forth above,

IT IS ORDERED that the defendants' motions to dismiss (Rec. Docs. 90, 91, and 92) are GRANTED, and the plaintiff's breach of contract claim concerning the 2016 loan is DISMISSED WITH PREJUDICE. As a point of clarification, the only claim remaining is the plaintiff's RESPA claim with regard to the 2016 loan.

Signed at Lafayette, Louisiana, this 19th day of March 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE