UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SAMANTHA J. JACKSON | CIVIL ACTION NO. 6:18-cv-00927 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| STANDARD MORTGAGE CORP., FEDERAL NATIONAL MORTGAGE ASSOCIATION, FEDERAL HOME MORTGAGE CORP. | BY CONSENT OF THE PARTIES |

**MEMORANDUM RULING**

Currently pending are the plaintiff's motions to strike (Rec. Docs. 100, 101) the defendants' motions to dismiss and the memoranda in support of those motions (Rec. Docs. 90, 91, 94, 96). For the reasons set forth below, the motions to strike are denied.

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice."[1] Accordingly, Rule 12(f) motions to strike are viewed

---

[1] *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

with disfavor, and are infrequently granted.[2] Furthermore, such motions generally are not granted unless the movant shows it has been prejudiced.[3] Disputed factual issues should not be resolved on a motion to strike,[4] and "even when technically appropriate and well-founded," motions to strike are not to be granted "in the absence of a showing of prejudice to the moving party."[5] Deciding whether to strike all or a portion of a pleading lies within the court's discretion.[6]

The plaintiff did not argue that the defendants' motions or memoranda constituted an insufficient defense or that they contained material that was redundant, impertinent, immaterial, or scandalous. Therefore, she presented no valid support for her motions to strike.

Instead, the plaintiff argued that the memoranda were not timely filed. However, they were filed within the deadline established in the deficiency notices

---

[2] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1380.

[3] See, e.g., *Coco v. United States*, 569 F.2d 367, 372 (5th Cir. 1978) ("While we do not condone the government's tardiness in responding to the court's order to show cause, we believe the district court acted within its discretion in denying the motion to strike. Coco has not shown the slightest prejudice resulting from the short delay.").

[4] *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d at 868.

[5] *Abene v. Jaybar, LLC*, 802 F. Supp. 716, 723 (E.D. La. 2011) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004)).

[6] *In re Beef Industry Antitrust Litigation, MDL Docket No. 248*, 600 F.2d 1148, 1168–69 (5th Cir. 1979) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382 at 807 (1969)). See, also, *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

sent to the defendants when the motions to dismiss were filed without supporting memoranda. Perhaps most important, the plaintiff did not demonstrate any way in which she was prejudiced by the defendants' late filing. Accordingly, there is no basis on which the plaintiff can argue that the defendants' delay in filing the motions or supporting memoranda was unfair to her.

For these reasons,

IT IS ORDERED that the plaintiff's motions to strike (Rec. Docs. 100 and 101) are DENIED.

IT IS FURTHER ORDERED that the oral argument on these motions, which was previously scheduled for May 14, 2020 is CANCELLED.

Signed at Lafayette, Louisiana, this 6th day of April 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE