UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SAMANTHA J. JACKSON | CIVIL ACTION NO. 6:18-cv-00927 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| STANDARD MORTGAGE CORP., FEDERAL NATIONAL MORTGAGE ASSOCIATION, FEDERAL HOME MORTGAGE CORP. | BY CONSENT OF THE PARTIES |

## **MEMORANDUM RULING**

Currently pending is the plaintiff's motion to strike (Rec. Doc. 107) Standard Mortgage Corporation's motion to dismiss (Rec. Doc. 92). For the reasons set forth below, the motion to strike is denied.

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice."[1] Accordingly, Rule 12(f) motions to strike are viewed with disfavor, and are infrequently granted.[2] Furthermore, such motions generally

---

[1] *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

[2] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1380.

are not granted unless the movant shows it has been prejudiced.[3] Disputed factual issues should not be resolved on a motion to strike,[4] and "even when technically appropriate and well-founded," motions to strike are not to be granted "in the absence of a showing of prejudice to the moving party."[5] Deciding whether to strike all or a portion of a pleading lies within the court's discretion.[6]

The plaintiff did not argue that Standard Mortgage's motion or supporting memorandum constituted an insufficient defense or that they contained material that was redundant, impertinent, immaterial, or scandalous. Therefore, she presented no valid support for her motion to strike.

Instead, the plaintiff argued that the memorandum was not timely filed. However, it was filed within the deadline established in the deficiency notice sent to the defendants when the motion to dismiss was filed without a supporting memorandum. Perhaps most important, the plaintiff did not demonstrate any way

---

[3] See, e.g., *Coco v. United States*, 569 F.2d 367, 372 (5th Cir. 1978) ("While we do not condone the government's tardiness in responding to the court's order to show cause, we believe the district court acted within its discretion in denying the motion to strike. Coco has not shown the slightest prejudice resulting from the short delay.").

[4] *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d at 868.

[5] *Abene v. Jaybar, LLC*, 802 F. Supp. 716, 723 (E.D. La. 2011) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004)).

[6] *In re Beef Industry Antitrust Litigation, MDL Docket No. 248*, 600 F.2d 1148, 1168–69 (5th Cir. 1979) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382 at 807 (1969)). See, also, *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

in which she was prejudiced by the defendant's late filing. Accordingly, there is no basis on which the plaintiff can argue that the defendant's delay in filing the motion or supporting memorandum was unfair to her.

For these reasons,

IT IS ORDERED that the plaintiff's motion to strike (Rec. Docs. 107) is DENIED.

IT IS FURTHER ORDERED that the oral argument on this motion, which was previously scheduled for May 14, 2020 is CANCELLED.

Signed at Lafayette, Louisiana, this 6th day of March 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE