UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SAMANTHA J. JACKSON                    CIVIL ACTION NO. 6:18-cv-00927

VERSUS                                 MAGISTRATE JUDGE HANNA

STANDARD MORTGAGE CORP.,               BY CONSENT OF THE PARTIES
ET AL.

## MEMORANDUM RULING

Currently pending are two motions for summary judgment.  The first was filed by defendant Federal National Mortgage Association ("Fannie Mae") (Rec. Doc. 139), and the second was filed by defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") (Rec. Doc. 140).  Both motions are opposed.  For the reasons fully explained below, both motions are granted, and the plaintiff's claims against Fannie Mae and Freddie Mac are dismissed with prejudice.

## Background

The plaintiff, Samantha J. Jackson, entered into loan agreements with defendant Standard Mortgage Corporation in 2013 and 2016, both times mortgaging her property located at 221 Tennessee Street in Lafayette, Louisiana.  In this lawsuit, Ms. Jackson sued Standard Mortgage (the mortgagee on both of her mortgages), Fannie Mae (to whom the 2013 mortgage was sold), and Freddie Mac (to whom the 2016 mortgage was sold).  When Ms. Jackson obtained the later mortgage loan, her earlier mortgage loan was paid off in full.  Ms. Jackson alleged, in connection with

both loans, that the defendants violated the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 601 *et seq.*, the Federal Trade Commission Act, 15 U.S.C. § 45, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*  She also asserted a breach of contract claim and a claim based on the alleged sharing of sensitive personal information in violation of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.*

The defendants filed motions to dismiss, which were granted in part and denied in part.  (Rec. Doc. 82).  Another set of motions to dismiss were filed, which were granted.  (Rec. Doc. 111).  As the court previously explained at that time, "the only claim remaining is the plaintiff's RESPA claim with regard to the 2016 loan."  (Rec. Doc. 111 at 15).

Fannie Mae and Freddie Mac now seek recognition that the claims asserted against them in this lawsuit have already been dismissed.

## **Law and Analysis**

### A.    **The Applicable Standard**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the

applicable governing law.[1]   A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility to inform the court of the basis for its motion and identify those parts of the record that demonstrate the absence of genuine issues of material fact.[3]   If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[4]   All facts and inferences are construed in the light most favorable to the nonmoving party.[5]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's

---

[1]    *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex*., 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000).

[2]    *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 252); *Hamilton v. Segue Software, Inc*., 232 F.3d at 477.

[3]    *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[4]    *Washburn v. Harvey*, 504 F.3d at 508.

[5]    *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

claim.[6]  The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

## B.    <u>The Contentions of the Parties</u>

Fannie Mae and Freddie Mac contend that the claims asserted against them in this lawsuit were dismissed in earlier motion practice, and they presented evidence in support of that contention.  The plaintiff did not refute the evidence presented by Fannie Mae and Freddie Mac.  However, she argued that the motions for summary judgment should be denied because there are genuine issues of material fact in dispute, because Fannie Mae and Freddie Mac failed to adhere to the Federal Rules of Civil Procedure and the local rules of court, and because Fannie Mae and Freddie Mac refused to respond to discovery requests.

## C.    <u>Alleged Rules Violations</u>

While the plaintiff is correct that the defendants in this lawsuit filed some documents that were deficient because they failed to conform to applicable rules, all rules violations have been cured and none of them preclude the court's resolution of the pending motions for summary judgment.

---

[6]      *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 325).

[7]      *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

4

D.   **Alleged Discovery Issues**

The plaintiff argued that Fannie Mae and Freddie Mac refused to produce responses to discovery requests and that additional discovery would reveal genuine issues of material fact precluding summary judgment in favor of Fannie Mae and Freddie Mac.  These arguments lack merit.

First, if the defendants failed to respond to discovery, the plaintiff should have filed a motion to compel or should have alerted the court in some other way long before now.  This suit has been pending for almost three years.  The trial date has been set and reset several times, as have the commensurate deadlines including the discovery cut-off date.  The parties have also had several status conferences with the court.  But the plaintiff never complained that any requested discovery requests had not been answered.  With the trial date fast approaching and the discovery cut-off date long past, it is now too late to raise this argument.

Second, Fed. R. Civ. P. 56(d) requires that, when facts are unavailable to the nonmoving party (here, the plaintiff) that are relevant to a motion for summary judgment, the nonmoving party must file an affidavit or declaration setting forth specific reasons why it is unable to present facts that are essential to its opposition to the motion.  The plaintiff did not file any such affidavit or declaration, nor did she

give specific reasons why she needs additional discovery in order to oppose the motions for summary judgment.  Therefore, her argument is procedurally defective.[8]

More important, her argument is substantively defective.  The plaintiff failed to articulate what specific evidence she thinks she would be able to obtain through discovery that would persuade the court to deny the motions for summary judgment. Absent the identification of sufficiently specific material evidence that is lacking, there is no basis for the plaintiff's request for additional discovery.  "The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts."[9]  Instead, the plaintiff has an obligation under Rule 56(d) to detail the facts that would be revealed in discovery and show that the defendants are not entitled to summary judgment in their favor.  But the plaintiff has not met that burden.

Thus, because the plaintiff did not file a motion to compel or other appropriate motion earlier in the litigation, because she did not properly support her request for additional discovery under Fed. R. Civ. P. 56(d) with an affidavit or declaration, and because she did not identify specific evidence that would preclude summary judgment in the defendants' favor, these arguments lacks merit.

---

[8]    *Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012).

[9]    *Smith v. Regional Transit Authority*, 827 F.3d 412, 423 (5th Cir. 2016) (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)).

### E.   Fannie Mae is Entitled to Summary Judgment in its Favor

In 2013, the plaintiff mortgaged her property to Standard Mortgage Corporation.[10]  Standard Mortgage subsequently sold the mortgage to Fannie Mae,[11] but Standard Mortgage was the servicer on the mortgage loan throughout its existence.[12]  The court previously dismissed all of the plaintiff's claims having to do with the 2013 mortgage.[13]  At that time, the parties had not established that the 2013 mortgage had been sold to Fannie Mae.[14]  Fannie Mae has now presented undisputed evidence that it purchased the 2013 mortgage.[15]  There are no material facts in dispute.  Accordingly, the court finds that all of the claims that were asserted against Fannie Mae were already resolved and dismissed and Fannie Mae is entitled to summary judgment in its favor.

### F.   Freddie Mac is Entitled to Summary Judgment in its Favor

In 2016, the plaintiff refinanced her mortgage.  She again mortgaged her property to Standard Mortgage, and she paid off the mortgage loan that she took out

---

[10]   Rec. Doc. 139-3 at 35; Rec. Doc. 140-3 at 35.

[11]   Rec. Doc. 139-3 at 26, 35; Rec. Doc. 140-3 at 35.

[12]   Rec. Doc. 139-3 at 139-3 at 35.

[13]   Rec. Docs. 82, 111.  See, also, Rec. Doc. 111 @ 15:  "As a point of clarification, the only claim remaining is the plaintiff's RESPA claim with regard to the 2016 loan."

[14]   Rec. Doc. 111 at 2 n. 1.

[15]   Rec. Doc. 130-3 at 26, 35.

in 2013.[16]  Afterwards, Standard Mortgage sold the 2016 mortgage to Freddie Mac.[17] Despite the sale, Standard Mortgage remained the servicer on the loan.[18]

The court previously dismissed all of the plaintiff's claims having to do with the 2016 mortgage except for the alleged RESPA violations.[19]   At that time, however, the parties had not established that Standard Mortgage had sold the 2016 loan to Freddie Mac or that Standard Mortgage was the services on the 2016 loan at all times.[20]  Freddie Mac has now presented undisputed evidence supporting both of those facts.[21]

RESPA regulates loan servicers.[22]  Therefore, any claim that the plaintiff might still have is a claim against Standard Mortgage in its capacity as the servicer on the loan and is not a claim against Freddie Mac.

---

[16]     Rec. Doc. 139-2 at 35-36; Rec. Doc. 140-3 at 35-36.

[17]     Rec. Doc. 139-3 at 36; Rec.Doc. 140-3 at 36.

[18]     Rec. Doc. 139-3 at 36; Rec.Doc. 140-3 at 36.

[19]     Rec. Doc. 111 at 15.

[20]     Rec. Doc. 111 at 2, n. 1.

[21]     Rec. Doc. 139-2 at 36; Rec. Doc. 140-3 at 36.

[22]     12 U.S.C. § 2605 is titled "Servicing of mortgage loans and administration of escrow accounts."  It defines the terms "servicer" and "servicing."  It requires that "[e]ach person who makes a federally related mortgage loan" shall make certain disclosures to the loan applicant, requires services to make specified notifications, and requires servicers to respond in specified ways to borrower inquiries.  See, also, *Christiana Trust v. Riddle*, 911 F.3d 799, 804 (5th Cir. 2018).

The plaintiff argued that the mortgage and note forms used by Standard Mortgage contained provisions that were contrary to law, that Standard Mortgage made calculations in a method that is contrary to law, and that Freddie Mac should have corrected Standard Mortgage's errors. The plaintiff further argued that Freddie Mac is vicariously liable for Standard Mortgage's wrongful actions. Actually, the opposite is true. Freddie Mac cannot be held liable for any acts of its servicers that were not expressly authorized.[23] Thus, to the extent that Standard Mortgage's actions failed to comply with the applicable law, Freddie Mac is not vicariously liable.

Because there are no material facts in dispute, Freddie Mac is entitled to summary judgment in its favor.

## Conclusion

It is undisputed that the only claim yet to be resolved is the plaintiff's RESPA claim against Standard Mortgage concerning the 2016 loan. It is equally undisputed that the plaintiff's claims against Fannie Mae and Freddie Mac have already been dismissed. Accordingly,

IT IS ORDERED that the motions for summary judgment filed by Federal National Mortgage Association ("Fannie Mae") (Rec. Doc. 139) and Federal Home

---

[23]    *Hinton v. Federal Nat. Mortg. Ass'n*, 945 F.Supp. 1052, 1060 (S.D. Tex. 1996) (citing *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384 n. 1 (1947)).

Loan Mortgage Corporation ("Freddie Mac") (Rec. Doc. 140) are GRANTED, and the plaintiff's claims against those entities are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the oral argument on these motions, which was previously scheduled for May 13, 2021 is CANCELLED.

Signed at Lafayette, Louisiana, this 1st day of April 2021.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE