UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SAMANTHA J. JACKSON                    CIVIL ACTION NO. 6:18-cv-00927

VERSUS                                 MAGISTRATE JUDGE HANNA

STANDARD MORTGAGE CORP.,               BY CONSENT OF THE PARTIES
ET AL.

## MEMORANDUM RULING

Currently pending is the motion for summary judgment that was filed by defendant Standard Mortgage Corporation.  (Rec. Doc. 141).  The motion is opposed.  For the reasons fully explained below, the motion is granted, and the plaintiff's claims against Standard Mortgage are dismissed with prejudice.

## Background

The plaintiff, Samantha J. Jackson, entered into loan agreements with defendant Standard Mortgage Corporation in 2013 and 2016, both times mortgaging her property located at 221 Tennessee Street in Lafayette, Louisiana.  In this lawsuit, Ms. Jackson sued Standard Mortgage (the mortgagee on both of her mortgages), Federal National Mortgage Association ("Fannie Mae") (to whom the 2013 mortgage was sold), and Federal Home Loan Mortgage Corporation ("Freddie Mac") (to whom the 2016 mortgage was sold).  When Ms. Jackson obtained the later mortgage, her earlier loan was paid off in full.

Ms. Jackson alleged, in connection with both loans, that the defendants violated the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 601 *et seq.*, the Federal Trade Commission Act, 15 U.S.C. § 45, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*  She also asserted a breach of contract claim and a claim based on the alleged sharing of sensitive personal information in violation of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.*  The defendants filed motions to dismiss, which were granted in part and denied in part.[1]  Another set of motions to dismiss were granted.[2]  As the court explained at that time, "the only claim remaining is the plaintiff's RESPA claim with regard to the 2016 loan."[3]  This Court also found that the plaintiff's RESPA claim falls under 12 U.S.C. § 2605.[4]

Fannie Mae and Freddie Mac recently filed motions for summary judgment and demonstrated that the claims against them had previously been dismissed.  The motions for summary judgment were granted,[5] leaving Standard Mortgage as the sole remaining defendant in the lawsuit.  Standard Mortgage now seeks to have the remaining RESPA claim asserted against it dismissed.

---

[1]     Rec. Doc. 82.

[2]     Rec. Doc. 111.

[3]     Rec. Doc. 111 at 15.

[4]     Rec. Doc. 82 at 18.

[5]     Rec. Doc. 158.

## Law and Analysis

### A.   The Contentions of the Parties

Standard Mortgage contends that there are no material facts in dispute regarding the plaintiff's RESPA claim against it and further contends that it is entitled to summary judgment in its favor as a matter of law.  The plaintiff argued that there are material issues in dispute.  The plaintiff also argued that Standard Mortgage is not entitled to summary judgment in its favor because it failed to adhere to the Federal Rules of Procedure and the local rules of court and because it refused to respond to discovery requests.

### B.   The Standard for Evaluating a *Pro Se* Plaintiff's Pleadings

Because the plaintiff is not represented by counsel, this Court construed her pleadings liberally[6] and held her pleadings to "less stringent standards than formal pleadings drafted by lawyers."[7]   In particular, the documents submitted by the plaintiff along with her briefs and pleadings are accepted as being true, accurate, and complete even though they are not supported with affidavits.  The defendant did not object to the evidentiary value of those documents; similarly, the plaintiff did not object to any of the documentary evidence submitted by Standard Mortgage.

---

[6]   *Nerren v. Livingston Police Dept.*, 86 F.3d 469, 472 (5th Cir. 1996).

[7]   *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

## C.   <u>The Summary Judgment Standard</u>

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[8]  A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[9]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[10]  If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[11]  All facts and inferences are construed in the light most favorable to the nonmoving party.[12]

---

[8]     *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex*., 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000).

[9]     *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 252); *Hamilton v. Segue Software, Inc*., 232 F.3d at 477.

[10]    *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[11]    *Washburn v. Harvey*, 504 F.3d at 508.

[12]    *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[13]  The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[14]

**D.    Alleged Rules Violations**

While the plaintiff is correct that Standard Mortgage filed some documents that were deficient because they failed to conform to applicable rules, all rules violations have been cured and none of them preclude the court's resolution of the pending motion for summary judgment.

**E.    Alleged Discovery Issues**

The plaintiff argued that Standard Mortgage refused to produce responses to discovery requests and that additional discovery would reveal genuine issues of material fact precluding summary judgment in Standard Mortgage's favor.  These arguments lack merit.

First, if Standard Mortgage failed to respond to discovery, the plaintiff should have filed a motion to compel or alerted the court in some other way long before

---

[13]     *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 325).

[14]     *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

now.  This suit has been pending for almost three years.  The trial date has been set and reset several times, as have the commensurate deadlines including the discovery cut-off date.  The parties have also had several status conferences with the court. But the plaintiff never complained that any requested discovery requests had not been answered.  With the trial date fast approaching and the discovery cut-off date long past, it is now too late to raise this argument.

Second, Fed. R. Civ. P. 56(d) requires that, when facts are unavailable to the nonmoving party (here, the plaintiff) that are relevant to a motion for summary judgment, the nonmoving party must file an affidavit or declaration setting forth specific reasons why it is unable to present facts that are essential to its opposition to the motion.  The plaintiff did not file any such affidavit or declaration, nor did she give specific reasons why she needs additional discovery in order to oppose Standard Mortgage's motion for summary judgment.  Therefore, her argument is procedurally defective.[15]

More important, her argument is substantively defective.  The plaintiff failed to articulate what specific evidence she thinks she would be able to obtain through discovery that would compel the court to deny Standard Mortgage's motion for summary judgment.   Absent  the  identification  of  sufficiently  specific  material

---

[15]     *Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012).

evidence that is lacking, there is no basis for the plaintiff's request for additional discovery.  "The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts."[16]  Instead, the plaintiff has an obligation under Rule 56(d) to detail the facts that would be revealed in discovery and show that the defendants are not entitled to summary judgment in their favor.  Here, the plaintiff has not met that burden.

Thus, because the plaintiff did not file a motion to compel or other appropriate motion earlier in the litigation, because she did not properly support her request for additional discovery under Fed. R. Civ. P. 56(d) with an affidavit or declaration, and because she did not identify specific evidence that would preclude summary judgment in Standard Mortgage's favor, these arguments lack merit.

**E.**   **Standard Mortgage is Entitled to Summary Judgment in its Favor**

The plaintiff's RESPA claim fails as a matter of law.  RESPA, codified at 12 U.S.C. § 2601 et seq., sets forth certain requirements for loan servicers.  This Court previously found that the plaintiff's only remaining claim is her claim that Standard Mortgage violated the provisions of RESPA codified at 12 U.S.C. § 2605 with regard to the mortgage loan she obtained in 2016.  Section 2605 has subparts (a) through

---

[16]     *Smith v. Regional Transit Authority*, 827 F.3d 412, 423 (5th Cir. 2016) (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)).

(m), only two of which might afford the plaintiff a cause of action under the facts alleged in this lawsuit.

Subsections (a), (b), (c), and (d) address disclosures that must be given when the servicing of a mortgage loan is assigned, sold, or transferred and the treatment of loan payments during a transfer period.  In this case, Standard Mortgage was the servicer of the plaintiff's loan at all times.[17]  Therefore, the plaintiff does not – and cannot – have a claim under Section 2605(a), (b), (c), or (d).

Subsection (f) does not impose any obligations on loan servicers.  Instead, it addresses the penalties for a servicer's failure to comply with the other parts of the statute.  Therefore, this subsection does not afford the plaintiff a cause of action.

Subsection (h) addresses preemption of conflicting state laws.  No allegation has been made in this lawsuit suggesting that this part of the statute is implicated.  Thus, the plaintiff does not have a cause of action under this subsection.

Subsection (i) provides definitions of various terms used in the statute.  It does not impose any affirmative duties on services.  Therefore, the plaintiff does not have a cause of action under this subsection.  However, certain of the definitions set forth in this subsection are relevant to the plaintiff's remaining claim and will be discussed below.

---

[17]     Rec. Doc. 141-1 at 36 (affidavit of Kimble M. Kissinger, vice president of Standard Mortgage Corporation).

Subsection (j) addresses the time period between the enactment of the statute and the promulgation of implementing regulations.  Because RESPA was enacted in 1974, that time period elapsed long ago.  Therefore, the plaintiff has no claim under this subsection.

Subsections (k), (l), and (m) impose certain obligations on loan servicers, primarily having to do with force-placed insurance.  There is no allegation in this lawsuit implicating any of the obligations created in these subsections.  Therefore, the plaintiff has no claim under these subsections.

This leaves only two subparts of Section 2605 under which the plaintiff might possibly have a claim:  Subsection (e), which addresses a loan servicer's duty to respond to borrower inquiries, and Subsection (g), which addresses the administration of escrow accounts.

### 1.      Section 2605(e)

"RESPA is a consumer protection statute that, in relevant part, obligates a covered loan servicer to respond to a borrower's qualified written requests."[18] Section 2605(e) of RESPA requires loan servicers, upon receipt of a qualified written request ("QWR") for information related to the servicing of a mortgage loan, to provide a written response to the borrower acknowledging receipt of the

---

[18]      *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 995 (5th Cir. 2019) (citing 12 U.S.C. § 2605(e)).

correspondence within five days.[19]  Furthermore, upon receipt of a QWR, RESPA obliges the servicer to respond and provide the borrower with a written explanation or clarification in certain circumstances.[20]  "Pursuant to § 2605(f), a borrower can sue a servicer who fails to reply as required."[21]  "To state a viable claim under Section 2605(e), [the plaintiffs must] plead that their correspondence met the requirements of a QWR, that [the defendant] failed to make a timely response, and that this failure caused them actual damages."[22]

This Court interprets the plaintiff's briefing as presenting an argument that Standard Mortgage violated Section 2605(e) by failing to respond promptly to her written questions regarding the 2016 loan.  The plaintiff submitted six pages of email correspondence between representatives of Standard Mortgage and herself.[23]  Two of the pages appear to be an undated letter from the plaintiff.[24]  However, this does not appear to be a copy of the letter in its original state, since there are handwritten notes in the margins.  These pages include email correspondence of various dates.

---

[19]     12 U.S.C. § 2605(e)(1).

[20]     12 U.S.C. § 2605(e)(2).

[21]     *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d at 995.

[22]     *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. App'x 233, 241 (5th Cir. 2014) (citing 12 U.S.C. § 2605(e)).

[23]     Rec. Doc. 157-2 at 14-19.

[24]     Rec. Doc. 157-2 at 14-15.

Again, it appears that copies of the original email correspondence were not submitted; instead, it appears that typed responses were added to one of the pages after it was originally emailed.[25]  On one of the pages, Brad Burdette of Standard Mortgage indicated that he was responding on June 9, 2017 to an inquiry received on April 4, 2017.[26]  Also submitted was email from Mr. Burdette dated May 11, 2017.[27]  In that email, however, he did not give the date of the inquiry that he was responding to.  There is no evidence demonstrating the date of the plaintiff's inquiry letter that is included in this package of documents.  Therefore, this Court cannot determine whether Standard Mortgage replied to the plaintiff's inquiries in accordance with the deadlines established in Section 2605(e).

Standard Mortgage argued that the plaintiff did not request information from it concerning her 2016 loan.  That is not correct.  The undated letter from the plaintiff to Standard Mortgage asks questions about two loans – Loan No. 211156 and Loan No. 225945.  This Court assumes that the lower number refers to the 2013 loan, while the higher number refers to the 2016 loan.  This assumption is bolstered by the lower number being referenced on a statement showing estimated payoff amounts for a loan being refinanced in July 2016; on that statement, the loan being paid off

---

[25]     See Rec. Doc. 157-2 at 19.

[26]     Rec. Doc. 157-2 at 18.

[27]     Rec. Doc. 157-2 at 16-17.

is Loan No. 211156.[28]  Accordingly, it is logical to assume that the lower numbered loan is the plaintiff's 2013 loan while the higher numbered loan is her 2016 loan.

Still, the plaintiff's argument that Standard Mortgage violated RESPA by failing to respond to her inquiry in a timely manner cannot prevail.  Her request to Standard Mortgage was not a QWR.  A QWR is a written request "for information relating to the servicing of [a] loan."[29]  The word "servicing" has a specific definition in this context.  RESPA defines the term "servicing" to mean "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan."[30]  Therefore, a borrower's request to a loan servicer does not trigger the duties set forth in Section 2605(e) if the request is unrelated to loan servicing.  For example, RESPA does not require the servicer to produce information to verify the

---

[28]     Rec. Doc. 157-2 at 12.

[29]     12 U.S.C. § 2605(e)(1)(A).

[30]     12 U.S.C. § 2605(i)(3).

legitimacy of the loan[31] nor does it require the servicer to respond to a request for loan origination documents.[32]

In this case, the information sought by the plaintiff regarding the 2016 loan is unrelated to Standard Mortgage's servicing of the loan.  Servicing is limited to the servicer's acceptance of payments from the borrower and the servicer's disbursement of payments to others.  But the plaintiff asked about the calculation of daily interest charges, the difference between calculating interest using 360 days rather than 365 days per year, amounts shown on the disclosures presented at closing, and fees charged at closing.  She asked no questions concerning Standard Mortgage's receipt of the amounts that she paid to Standard Mortgage.  She similarly asked no questions concerning Standard Mortgage's payment of principal, interest, escrowed insurance, or escrowed taxes to the mortgagor, her insurer, or the relevant tax collector.  Therefore, none of the plaintiff's inquiries concerning the 2016 loan

---

[31]    See *Chambers v. Citimortgage, Inc.*, No. A-14-CA-086-SS, 2014 WL 1819970, at *4 (W.D. Tex. May 7, 2014) (acknowledging that case law indicates that "borrower letters requesting information about loan ownership, loan modifications, or other non-servicing matters" do not trigger an obligation to respond); *Rucker v. Bank of America, N.A.*, No. 3:13-CV-1895-N, 2014 WL 11310156, at *4 (N.D. Tex. Dec. 18, 2014), affirmed, 806 F.3d 828 (2015).

[32]    See *Foster v. Bank of New York Mellon*, No. 4:17-CV-310-ALM-CAN, 2018 WL 2993564, at *5 (E.D. Tex. May 10, 2018), report and recommendation adopted, 2018 WL 2981340 (E.D. Tex. June 13, 2018) (and the cases cited therein).

are encompassed within the term "servicing."  For that reason, the plaintiff failed to establish that she has a valid claim under Section 2605(e).

### 2.  <u>Section 2605(g)</u>

Section 2605(g) addresses the administration of escrow accounts as follows:

> If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due.  Any balance in any such account that is within the servicer's control at the time the loan is paid off shall be promptly returned to the borrower within 20 business days or credited to a similar account for a new mortgage loan to the borrower with the same lender.

The plaintiff in this case argued that the escrow balance on her 2013 loan was neither returned to her nor credited against the escrows for her 2016 loan.  Although the plaintiff alleged in her second amended complaint that this was a violation of Section 2609 rather than Section 2605(g), Section 2609 addresses the amount that may be collected at closing and thereafter for escrows and the annual statements that must be provided by the servicer, while Section 2605(g) addresses a servicer's duties with regard to escrow balances when a loan is paid off.  Therefore, this Court interprets the plaintiff's argument as a contention that Standard Mortgage violated Section 2605(g).

Standard Mortgage did not address this claim in its motion for summary judgment.  However, documents submitted by the parties and made a part of the suit

14

record establish that Standard Mortgage is entitled to summary judgment in its favor with regard to this claim.

The record contains a copy of a disclosure form provided to the plaintiff on July 13, 2016 and signed by the plaintiff on July 15, 2016, the date of the loan closing.[33]  The disclosure form indicates that an escrow fund was to be established with money collected from the plaintiff as a part of the closing costs.[34]  This fund was to be comprised of eight months of the monthly cost of her homeowners' insurance ($91.54 x 8 = $732.32), ten months of the monthly cost of her property taxes ($12.71 x 10 = $172.10), and ten months of her county property taxes ($6.99 x 10 = $69.90), less an "aggregate adjustment" of $39.44, for a total of $889.88.  The disclosure form consistently states that $111.24 would be collected from the plaintiff every month as a part of her monthly mortgage payment to cover estimated taxes, insurance, and assessments (reflecting the fact that $91.54 +$12.71 + $6.99 = $111.24).[35]  The disclosure form explained that the $889.88 was "a cushion for the escrow amount you pay at closing."[36]

---

[33]     Rec. Doc. 141-1 at 66-70.  Unsigned copies of this same document were filed in the record by the plaintiff.  (Rec. Docs. 1-2 at 56-60; 6-1 at 90-94).

[34]     Rec. Doc. 141-1 at 67, Section G.

[35]     Rec. Doc. 141-1 at 66, 69.

[36]     Rec. Doc. 141-1 at 69.

But the disclosure form also shows that no escrow deposits would actually be collected from the plaintiff at closing;[37] instead, a "credit escrow refund" in the amount of $889 was applied against the amount of closing costs that the plaintiff was required to pay at closing.  To reiterate, an estimated escrow cushion was illustrated in Section G of the disclosure form, but Section H of the form showed that these amounts actually would not be collected from the plaintiff at closing.

The logical explanation for this is that no escrow cushion was needed because the escrow balance from the plaintiff's 2013 loan would be credited to the 2016 loan account as allowed by Section 2605(g) of RESPA.  The disclosure form did not show the amount of the escrow balance on the 2013 loan or address a transfer of any such balance to the 2016 loan account.  However, a loan activity report[38] filed into the record by the plaintiff shows that $879.45 was credited against the starting balance of the 2016 loan.  Another form filed into evidence by the plaintiff similarly indicates that $879.45 was the escrow fund balance transferred from the previous loan.[39]

Therefore, the $889.88 shown on the disclosure form is not the amount of the escrow fund balance on the 2013 loan; it is the amount that would have been collected from the plaintiff at the closing on the 2016 loan to create a cushion against

---

[37]     Rec. Doc. 141-1 at 67, Section H.

[38]     Rec. Doc. 6-1 at 102.

[39]     Rec. Docs. 1-2 at 27, 6-1 at 27.

future disbursements of amounts from the escrow account if there had not been an escrow balance from a previous loan.  But, presumably because there was a prior loan with a sufficient escrow account balance, no money was collected from the plaintiff when she closed on the 2016 loan to create an escrow fund.  Instead, the sum of $879.45 was the escrow fund balance on the 2013 loan, and that amount was transferred to the account for the 2016 loan a few days after closing.

The documents that the plaintiff filed into evidence show that no funds were collected from her at the closing on the 2016 loan to create an escrow account cushion and that the sum of $879.45 was the escrow fund balance on the 2013 loan that was transferred to the account for the 2016 loan after closing.  This evidence demonstrates that Standard Mortgage complied with the requirements of Section 2605(g).  Accordingly, the plaintiff has not established a violation of Section 2605(g).

### 3.    The Plaintiff Failed to Prove Actual Damages

Finally, the plaintiff did not establish that she incurred any actual damages because of the defendant's alleged violations of Sections 2605(e) and (g).  RESPA states that "[w]hoever fails to comply with any provision of [RESPA] shall be liable to the borrower for each such failure in the following amounts: . . . (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with

17

the requirements of this section, in an amount not to exceed $2,000."[40]  "[E]quitable

relief is not available under RESPA."[41]  The plaintiff in this lawsuit did not allege

that there was a pattern of noncompliance on the part of Standard Mortgage;

therefore, to successfully prevent summary judgment in Standard Mortgage's favor,

she must establish that she sustained actual damages.  Proving actual damages is a

necessary element to recovering under a RESPA claim.[42]

More particularly, the plaintiff must establish that she sustained actual

damages "as a result of" Standard Mortgage's failure to comply with RESPA's

requirements.[43]  "In order to recover for a violation, a borrower must show 'actual

---

[40]     12 U.S.C. § 2605(f)(1).

[41]     *Slocum v. United States Bank Nat'l Ass'n*, No. 4:16-CV-00955, 2017 WL 2629147, at *5 (E.D. Tex. May 23, 2017), report and recommendation adopted, 2017 WL 2620430 (E.D. Tex. June 16, 2017).

[42]     See *Whittier v. Ocwen Loan Servicing, LLC*, 594 Fed. App'x 833, 836 (5th Cir. 2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation.") (citing 12 U.S.C. § 2605(e), (f)); *Kareem v. Am. Home Mortg. Serv., Inc*., 479 Fed. Appx. 619, 620 (5th Cir. 2012) ("[E]ven if we assume that he did not receive notice, he does not explain what damages he suffered."); *Schor v. JPMorgan Chase Bank, N.A.*, No. 4:16-CV-00829, 2017 WL 3205714, at *3 (E.D. Tex. July 10, 2017), report and recommendation adopted, 2017 WL 3193530 (E.D. Tex. July 27, 2017) ("Because Plaintiff has not incurred and has failed to show any evidence of actual damages, his purported claims for violations of [RESPA] fail as a matter of law."); *Caballero v. Wells Fargo Bank, N.A.*, No. 3-11-CV-1385-O-BD, 2011 WL 6039953, at *2 (N.D. Tex. July 25, 2011) ("A plaintiff must allege and prove actual damages resulting from a RESPA violation."), report and recommendation adopted, 2011 WL 6039950 (N.D. Tex. Dec. 5, 2011).

[43]     *Chavez v. Freedom Mortgage Corp*., No. 1:20-cv-522-LY, 2021 WL 327703, at *3 (W.D. Tex. Feb. 1, 2021) (The plaintiff "fails to allege any actual damages resulting from a RESPA violation.  As such, [the plaintiff's] RESPA claim must be dismissed."); *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 768 (N.D. Tex. 2012) (dismissing claims under § 2605(e) with prejudice); *Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993, 1017 (N.D. Tex. 2013) ("damages in the form of attorney's fees and mental anguish are insufficient to meet the

damages to the borrower as a result of the [servicer's] failure' to comply with RESPA."[44]   In other words, there must be a causal connection between a RESPA violation and alleged damages.[45]

When a plaintiff fails to specify any facts giving rise to a reasonable inference that she suffered actual damages as a result of an alleged RESPA violation, her claim can be dismissed with prejudice.[46]   In this case, the plaintiff has presented no evidence that she sustained any actual damages because of Standard Mortgage's alleged failure to respond in a timely fashion to her inquiry or its alleged failure to properly transfer the escrow balance on the 2013 loan to the account for the 2016 loan.  Because there is no summary judgment evidence of a RESPA notice violation and no summary judgment evidence that the plaintiff has suffered any damages, there are no material facts in dispute and Standard Mortgage is entitled to summary judgment in its favor.[47]

---

requirement that the plaintiff must have suffered actual damages *as a result of* the defendant's RESPA violations."  [Emphasis added]).

[44]      *Law v. Ocwen Loan Servicing, L.L.C.*, 587 Fed. App'x 790, 795 (5th Cir. 2014) (per curiam) (quoting 12 U.S.C. § 2605(f)(1)).

[45]      *Florida Sunshine Stanford v. JPMorgan Chase Bank*, No. No. 4:16-CV-00510, 2017 WL 6403041, at *7 (E.D. Tex. Aug. 9, 2017) (citing *Law v. Ocwen Loan Servicing, L.L.C.*, 587 Fed. App'x at 795), report and recommendation adopted, 2017 WL 6403042 (E.D. Tex. Sept. 7, 2017), affirmed, 720 Fed. App'x 728 (5th Cir. 2018).

[46]      *Hurd v. BAC Home Loans Serv., LP*, 880 F. Supp. 2d at 768-69.

[47]      See *Fairweather v. Amegy Bank*, No. H-19-2799, 2021 WL 665904, at *6 (S.D. Tex. Jan. 26, 2021), report and recommendation adopted, 2021 WL 665107 (S.D. Tex. Feb. 19, 2021).

## **Conclusion**

For the foregoing reasons,

IT IS ORDERED that the motion for summary judgment filed by Standard Mortgage Corporation (Rec. Doc. 141) is GRANTED, and the plaintiff's claims against Standard Mortgage Corporation are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED the oral argument on the motion, which was previously scheduled for May 13, 2021, is CANCELLED.

IT IS FURTHER ORDERED that the pretrial conference, previously scheduled for June 9, 2021, is CANCELLED.

IT IS FURTHER ORDERED that the jury trial, previously scheduled for June 28, 2021, is CANCELLED.

Signed at Lafayette, Louisiana, this 9th day of April 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE